1716.   JORDAN *v.* ATLANTA, BIRMINGHAM & ATLANTIC
RAILROAD COMPANY *et al.*

It appearing, from the evidence, that the work in which the plaintiff was injured was being done for a construction company, as an independent contractor, and not for the defendant railroad company, the trial judge would have been authorized to award a nonsuit as to the railroad company; but the evidence in behalf of the plaintiff would have authorized a recovery against another of the defendants, and consequently the nonsuit, as in favor of this defendant, was error.

Action for damages; from city court of Fitzgerald—Judge Jay. November 27, 1909.

Argued April 1,—Decided December 4, 1909.

*Homer E. Oxford, H. J. Quincey,* for plaintiff.
*Haygood & Cutts, Crovatt & Whitfield,* for defendant.

RUSSELL, J.   It appears to us that the judge might have directed a verdict in favor of the Atlanta, Birmingham & Atlantic Railroad Company, but he was not authorized to award a nonsuit in favor of its codefendant, Forbes. The nonsuit was granted after the evidence had been closed on both sides. At this stage of the case it is not strictly regular to award a nonsuit. A nonsuit should be granted, if at all, when it is apparent that the plaintiff has failed to make out his case as laid, and before the defendant is put to the necessity of introducing proof. However, as pointed out in *Murphy* v. *Georgia Ry. & El. Co.,* 4 *Ga. App.* 522 (61 S. E. 1133),

one against whom a verdict may properly be directed can never complain of the fact that he is nonsuited; because he has at least the right to sue again.    Partial nonsuit is not permissible in this State.    The defendants were sued jointly as joint tort-feasors. If the plaintiff failed to make out his case against either, he still might recover against the other, if the evidence was sufficient to show the liability of the latter.    *Finley* v. *Southern R. Co., 5 Ga. App.* 722 (64 S. E. 312).    If there was a failure to show liability on the part of both, nonsuit would have been proper; but if the evidence was sufficient to authorize a finding on the part of a jury that either of the defendants was liable, that much of the case should have been submitted for their decision.

As far as appears from the record, the plaintiff was not entitled to a recovery against the railroad company.    The plaintiff himself testified, that he did not know by whom he was employed; that he was working at the instance of one Mr. Cameron and with Mr. Gatlin's gang.    His statement that he was working for the defendant railroad company was merely opinionative, and was of no probative value.    It later appeared, from the testimony of the construction boss, that the building of the shops, at which the plaintiff was engaged, was being done by the construction company, which, so far as the record shows, was an independent contractor, for whose negligence the railroad company would not be liable.    *Johnson* v. *W. & A. R. Co.,* 4 *Ga. App.* 131 (60 S. E. 1023).    And so a nonsuit as to the railroad company, if it had been sued alone, though not the regular disposition of the case, would not have been erroneous, for it would not have been injurious to the plaintiff.

So far as the action against Forbes is concerned, it was error to award a nonsuit, because the most that can be said in regard to the testimony bearing on the question of his liability is that there was conflict in the evidence, with an apparent preponderance of testimony in his behalf.    The defendant Jordan testified, that he was on a ten-foot sill at the second story of the building which was being constructed; that he could not move except on this ten-foot sill; that the floor joists had been piled so that he could not step over them, and that as he was thus hemmed in at a perilous height, Forbes dropped the sill and mashed his foot, though he was looking at Forbes and Forbes was in plain view of him.    It is true that several witnesses testified that there was no reason why the plaintiff

could not have avoided the injury, that the floor joists had been laid flat from wall to wall, and constituted a floor with only a crack of two or three inches between them, and that he could easily have stepped out of the way, as several laborers did during the placing of these very joists. If this was the truth, of course the plaintiff was not entitled to recover anything against Forbes, but this was a question for the solution of the jury, who are the doctors of all doubts. *Davis* v. *Kirkland*, 1 *Ga. App.* 5 (58 S. E. 209). If the trial judge had directed a verdict in favor of the railroad company, and submitted to the jury the question as to Forbes' liability, there would have been no ground for exception, but as we have already stated, inasmuch as there can be no partial nonsuit in this State, we are compelled to reverse the judgment as a whole.

*Judgment reversed.*