44431.   GANDY v. GRIFFIN, by Next Friend.

ARGUED APRIL 7, 1969—DECIDED JUNE 13, 1969—
REHEARING DENIED JULY 16, 1969.

*Reinhardt, Ireland, Whitley & Sims, John S. Sims, Jr., Glenn Whitley,* for appellant.

*Edward Parrish, Elsie H. Griner,* for appellee.

QUILLIAN, Judge. ■ (a) The defendant contends the evidence disclosed that he was not negligent in any manner and that his motion for a directed verdict should have been granted. *Code Ann.* § 68-1626 (c) (Ga. L. 1953, Nov. Sess., pp. 556, 578), provides in part: "The driver of every vehicle shall, consistent with the requirements of subdivision (a), drive at an appropriate reduced speed when approaching and crossing an intersection or railway grade crossing."

The evidence disclosed: that the defendant was approximately 60 yards from the intersection when he first saw the plaintiff, that he did not put on his brakes but did take his foot

off the accelerator; that at the time he first saw the plaintiff the defendant's automobile was traveling at approximately 50 m.p.h.; that at the time the collision occurred the speed of the automobile was reduced to 30 m.p.h. Under the holdings in *Corley v. Russell*, 92 Ga. App. 417 (1) (88 SE2d 470), and *Hardwick v. Ga. Power Co.*, 100 Ga. App. 38, 43 (110 SE2d 24), this evidence though meager and weak was sufficient to present a question for the jury whether the defendant sufficiently reduced the speed of his automobile when approaching the intersection in compliance with *Code Ann.* § 68-1626 (c). "A verdict should not be directed unless there is no issue of fact, or unless the proved facts, viewed from every possible legal point of view, can sustain no other finding than that directed." *Norris v. Coffee*, 206 Ga. 759 (4) (58 SE2d 812).

The denial of the motion for directed verdict, proffered at the close of all the evidence, was not error.

(b) The defendant correctly contends that when the motion for directed verdict was made at the close of the plaintiff's evidence there was no evidence as to the speed of defendant's vehicle as it approached or entered the intersection. However, we can not agree with the further contention that a judgment should be entered in his favor.

*Code Ann.* § 81A-150 (e) provides: "Where error is enumerated upon an order denying a motion for directed verdict, and the appellate court determines that such motion was erroneously denied, it may direct that judgment be entered below in accordance with the motion, or may order that a new trial be had, as the court may determine necessary to meet the ends of justice under the facts of the case." Ga. L. 1966, pp. 609, 656; 1967, pp. 226, 246. In view of the evidence subsequently adduced which, as discussed in the preceding subdivision of this opinion, was sufficient to present a jury question, it would not serve the ends of justice for this court to order that a verdict be directed for the defendant. Hence, the judgment is reversed but with direction that a new trial be granted.

■ The appellant enumerates as error the overruling of his motion for mistrial. The basis of the motion was a statement by the plaintiff's father that he had not been able to pay the

medical bills that had been incurred as a result of the injuries which the plaintiff received in the collision. The appellant contends that the evidence injected the plaintiff's financial condition into the case. With this contention we agree. The fact that the plaintiff's father was not financially able to pay the medical bills was immaterial and prejudicial because its only purpose would be to gain sympathy for the plaintiff. *Southern R. Co. v. Black,* 57 Ga. App. 592 (5) (196 SE 291); *John J. Woodside &c. Co. v. Reese,* 105 Ga. App. 602 (6) (125 SE2d 556). However in view of the ruling in Division 1 of the opinion the question of the trial judge's failure to grant a mistrial is moot.

■ During the course of the trial, medical bills incurred as a result of the plaintiff's injuries were admitted in evidence. Plaintiff's counsel contended at the time of their admission that if the plaintiff's father was not financially able to pay the bills the plaintiff would be liable for their payment and therefore entitled to recover for them in this case. This contention was erroneous. The expenses incurred by the father in having his son treated could only be recovered in a suit by the father against the defendant. *Rogers v. McKinley,* 48 Ga. App. 262, 270 (172 SE 662). The admission over objection of the medical bills, except for the limited purpose of showing the extent of the injuries, was error.

■ Vernon Griffin, the plaintiff's father, was allowed over objection to testify that Mrs. Gandy told him that the defendant "was driving too fast both coming to town and going from town back home." She denied having made the statement. This testimony was admissible, over the objection that it was hearsay, to impeach Mrs. Gandy who had testified that the defendant was driving 45 to 50 m.p.h. when approaching the intersection. *Edenfield v. State,* 41 Ga. App. 252, 254 (152 SE 615); *Loomis v. State,* 78 Ga. App. 336 (1) (51 SE2d 33).

■ It was error to charge the provision of *Code Ann.* § 68-301 (Ga. L. 1955, p. 454), which was held to be in violation of the due process clauses of the State and Federal Constitutions. *Frankel v. Cone,* 214 Ga. 733 (2) (107 SE2d 819).

*Judgment reversed with direction that a new trial be granted. Felton, C. J., and Pannell, J., concur.*