### 52534. CEL-KO BUILDERS & DEVELOPERS, INC. v. BX CORPORATION et al.

BELL, Chief Judge.

Plaintiff brought suit to recover on five promissory notes plus interest and attorney fees. The trial court directed a verdict for plaintiff. *Held:*

1. On December 23, 1975 this case was set for trial on the January 26, 1976 jury trial calendar at plaintiff's request. Defendant admitted that he received notice of this order in the latter part of December 1975. The placing of this action on the trial calendar at plaintiff's request with notice to defendant fully complied with CPA § 40 (c) (Code Ann. § 81A-140 (c)). The contention by defendant that it was denied adequate notice of trial and opportunity to subpoena witnesses is without merit.

2. Defendant failed to plead any counterclaim or setoffs that it may have had against plaintiff. After the commencement of the trial, defendant made known to the court that it wished to assert a counterclaim or setoff. The court held in effect that in view of defendant's failure to assert a counterclaim or setoff by a pleading, this defensive matter would not be allowed. The trial court was correct. CPA §§ 12 (b) and 13 (Code Ann. §§ 81A-112 (b) and 81A-113) require that a counterclaim or setoff shall be asserted in a responsive pleading. Furthermore, defendant made no attempt to plead by amendment a delayed counterclaim under CPA § 13 (f) (Code Ann. § 81A-113 (f)).

3. An officer of the defendant corporation was not permitted to answer the question whether he had the money to pay the notes. The defendant via this question was attempting to commence its proof of the defense that its nonperformance was caused by the act or fault of the opposite party which would excuse defendant under Code § 20-1104. Defendant's counsel made no offer of proof or otherwise made any attempt to complete the record as to

502

what evidence he anticipated to show in support of this claimed defense. In absence of an offer of proof as to the substance of the testimony, that it was material and beneficial to defendant, there is no basis for reversal on this claimed error. *Allen v. Kessler,* 120 Ga. 319 (47 SE 900).

4. The trial court did not err in directing a verdict for the plaintiff for the principal amount of the notes plus attorney fees. The defendant through one of its officers admitted at trial all five notes were executed by it and that they had not been paid. Nothing in the way of any defense to the notes was offered. As to the attorney fees proof of a proper demand under Code § 20-506 was made as to each note. The evidence demanded a verdict for plaintiff.

*Judgment affirmed. Clark and Stolz, JJ., concur.*

Argued September 20, 1976 — Decided October 25, 1976 — Rehearing denied November 19, 1976.

*Tarver, Stowers, Roane & Carley, Stephen F. Carley, Grier G. Newlin, III,* for appellant.
*Marvin Nodvin,* for appellees.