## 54330. BLIZZARD v. BENNETT.

SMITH, Judge.

Blizzard, the appellant, contends the trial court erred in overruling his motion for new trial on the general grounds and on the special grounds that the court erred in charging the jury and in sustaining an objection to a question he posed to an expert witness. We find no error and affirm.

Blizzard sued for injuries he sustained as a result of a collision between the car he was driving and the car driven by Bennett, at the intersection of Jonesboro Road and the eastbound entrance ramp to Interstate 285. Blizzard testified that he was familiar with the busy, commercial area which was the situs of the accident, that it was dusk, that he could not remember if he had turned his lights on, that he was proceeding northward at a speed of 25 to 30 miles per hour and that, at a distance of about two hundred yards from the intersection where the collision occurred, he changed lanes, moving to his right, to avoid turn-lane traffic. Blizzard further testified that he maintained his speed as he approached the intersection and that traffic in the lane to his left could have obscured his vision of southbound traffic. Bennett was driving southward on Jonesboro Road and, after

checking for any northbound traffic and seeing none, turned left onto the entrance ramp at the intersection Blizzard was approaching. Blizzard applied his brakes when he saw Bennett's car "more or less broadside" in front of him, but it was to no avail; his car struck the other in its "right rear quarter panel." Blizzard never sounded his horn, even though, as he testified, between the time he sighted the other car and the time of his impact with it, Bennett's car had "time to travel somewhat." On cross examination, Blizzard agreed with counsel's suggestion that, at the time of the collision, about two-thirds of Bennett's car was "into the entrance ramp," removed from Blizzard's path.

1. We find meritless Blizzard's contention that the trial court erred in charging Ga. L. 1953, pp. 556, 612 (Code Ann. § 68-1716 (a)) which, in part, reads: "The driver of a motor vehicle shall when reasonably necessary to insure safe operation give audible warning with his horn. . ." The evidence showed that Bennett never saw Blizzard's approaching car but that Blizzard sighted Bennett's car a short period of time before impact, yet did not blow his horn. Moreover, at the time of impact, two-thirds of Bennett's car had already cleared the intersection. Therefore, proper matters for jury consideration were whether Blizzard's sounding his horn was "reasonably necessary" and whether his doing so would have caused Bennett to accelerate into the ramp and clear the intersection completely before Blizzard arrived, thereby preventing the collision. *Hughes v. Brown,* 111 Ga. App. 676 (7) (143 SE2d 30) (1965).

2. Blizzard next contends the trial court erred in charging "no person shall drive a vehicle on a street or highway at a speed greater than is reasonable and prudent under the conditions and having due regard to the actual and potential hazards then existing" and "the driver of every vehicle shall . . . drive at an appropriate reduced speed when approaching and crossing an intersection." Ga. L. 1953 (Nov.-Dec. Session), pp. 566, 577 (Code Ann. §§ 68-1626 (a) and (c)). (Subsections (a) and (c) were in effect at the time of the accident, but were since repealed by Ga. L. 1975, pp. 1582, 1587). We disagree. It was dusk; Blizzard was familiar with the heavily

traveled area; and traffic to his left might have blocked his view of oncoming, southbound traffic, including Bennett's vehicle. Nevertheless, on changing lanes and approaching the intersection, he maintained his speed of 25 to 30 miles per hour. Notwithstanding the fact that Blizzard was driving at a rate within the established speed limit, a jury question remained as to whether his speed was reasonable and appropriate for an approach to a busy intersection under the existing conditions. *Curry v. Claxton,* 123 Ga. App. 681 (1) (182 SE2d 136) (1971).

3. From the evidence adduced at trial, the jury was authorized to find that Blizzard failed to use ordinary care to avoid a collision after he saw Bennett's car in the intersection; also, the jury was authorized to conclude that Blizzard failed to exercise ordinary care in approaching the intersection before seeing Bennett's car, the presence of which he should reasonably have anticipated. (See Divisions 1 and 2). Therefore, the court appropriately charged that Blizzard could not recover if he reasonably could have avoided the consequences of Bennett's negligence. *Currey v. Claxton,* supra, p. 684; Code § 105-603.

4. Blizzard contends the trial court erred in sustaining an objection to a question he posed to an expert witness. However, since he did not offer to show the trial court what the excluded testimony was to have been, the trial court's action is not reviewable on appeal. "A court will not grant a new trial merely because evidence was excluded. It must appear that the excluded testimony was material, and the almost universal rule of practice is that what that material testimony was must be expressly called to the attention of the trial court at the time of its exclusion." *Mahone v. State,* 120 Ga. App. 234, 235 (170 SE2d 48) (1969).

5. The general grounds are without merit.

*Judgment affirmed. Bell, C. J., and McMurray, J., concur.*

Submitted September 19, 1977 — Decided October 18, 1977.

*Cohen, Pollock, Culbreth & Merlin, Martin M.*

*Pollock,* for appellant.

*Phillips, Hart & Mozley, George W. Hart, Terrance C. Sullivan,* for appellee.