### 58967. SKATING CLUBS OF GEORGIA, INC. et al. v. HAYES.

SMITH, Judge.

Appellants owned and managed a skating rink. Appellee, a nine-year-old invitee, tripped over a gate leading to the concession stand and fell into a glass display case. Appellee suffered a broken arm and lacerations. His father brought this action as next friend. The jury returned a verdict in the amount of $7,500. The trial court entered judgment on the verdict. Appellants appeal from the denial of their motion for new trial. We affirm.

1. At trial, appellants objected to the admission of certain medical bills into evidence. Appellants' counsel stated: " . . . I object to them on the grounds that they are not relevant to this lawsuit since this is not a suit for medical bills. This is a suit of the child. So, I object on that ground. And further, on the ground that it in no way purports to show any pain and suffering or any of the damages that have been alleged by this child in this lawsuit. And, therefore, I don't think it is relevant to any issue before the court and jury." The medical bills were admitted over objection "for the limited purpose only of showing the extent of the injuries and not damages

themselves." In light of the trial court's limiting instruction, appellant has shown no reversible error. See *Gandy v. Griffin,* 120 Ga. App. 100 (169 SE2d 651) (1969).

2. Appellants contend that the trial court "erred in excluding the testimony of the witness, Albert Couey, as to the design and floor plan of other skating facilities he owned in relation to the skating club where the plaintiff was injured thereby denying vital evidence to the jury in support of his defense that he could not reasonably foresee that an injury might occur as a result of the design of said skating facility." In response to the trial judge's statement that "I don't really see how the other skating clubs would enter into it," appellants' counsel advanced the following argument at trial: "There was testimony that Mr. and Mrs. Hayes let the plaintiff, Ronnie Hayes, skate at Big Shanty Skating Club at a birthday party in Kennesaw, Georgia. And, it goes directly to the question of whether or not they really felt there was any danger as they've alleged in the petition as to the display case. I think it is relevant for that reason."

"No matter how competent evidence might be, a new trial will not be granted merely because evidence has been excluded. It must appear that the excluded testimony was material and the substance of what the material evidence is must be called to the attention of the trial court at the time of its exclusion. *Welsh v. Fowler,* 124 Ga. App. 369 (183 SE2d 574); *Bigby v. Warnock,* 115 Ga. 385 (4) (41 SE 622). It is not sufficient to set forth thereafter in a motion for new trial or in an appellate brief what the witness would have answered. The error, if any, must have been committed at trial, and the ruling must have been made, not on a question only, but in the light of the facts about which the witness would have testified. *Griffin v. Henderson,* 117 Ga. 382(2) (43 SE 712). [Appellants'] offer to show relevance did not satisfy the requirement of showing the substance of the proffered evidence. *Crawford v. Gale,* 204 Ga. 448, 449 (49 SE2d 905); *Maloy v. Dixon,* 127 Ga. App. 151, 153 (193 SE2d 19); *Parrish v. State,* 88 Ga. App. 881, 883 (78 SE2d 366)." *Cooper v. Mercantile Nat. Bank,* 137 Ga. App. 605, 611 (224 SE2d 442) (1976).

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

Submitted November 20, 1979 — Decided March 12, 1980.

W. *Robert Lane,* for appellants.
*Donald B. Howe, Jr., Timothy A. McCreary,* for appellee.