## 60655. POPPELL v. GEORGIA POWER COMPANY.

CARLEY, Judge.

Appellant Poppell, plaintiff below, was an employee of Standard Construction Company (Standard). Standard, as an independent contractor, entered into a contract with appellee Georgia Power Company, defendant below, for the "Excavation, Concrete and Piling Work" involved in the construction of the Hatch Nuclear Plant. While engaged on the Hatch construction project, Poppell was struck by an unsecured pipeline and fell from a scaffold, sustaining severe injuries. Poppell instituted the instant action in negligence against Georgia Power. Georgia Power answered, denying the material allegations of Poppell's complaint, and the case proceeded to trial. The jury returned its verdict in favor of Georgia Power and Poppell appeals from the judgment entered on this verdict.

1. It is urged that the trial court erred in refusing to allow one of Poppell's expert witnesses to answer a question propounded to him. In the first instance, there is some doubt that Poppell qualified this witness, a construction consultant, as an expert in the area of inquiry—the duties of a concrete inspector with regard to safety. See *Ala. Great Sou. R. Co. v. McBryar,* 65 Ga. App. 153, 157 (5) (15 SE2d 563) (1941). Compare *Augusta & Summerville R. Co. v. Dorsey,* 68 Ga. 228 (9) (1881). However, even assuming that the witness was qualified to answer the question, when an answer was disallowed Poppell made no attempt whatever to show the substance and import of the excluded testimony. *Skating Clubs of Ga. v. Hayes,* 153 Ga. App. 857, 858 (2) (267 SE2d 285) (1980); *Blizzard v. Bennett,* 143 Ga. App. 568, 570 (4) (239 SE2d 223) (1977). There was no error.

2. At the close of Poppell's evidence and at the close of all the evidence Georgia Power moved for a directed verdict. Poppell's counsel, in stating the case for submitting to the jury the question of Georgia Power's liability for negligently causing Poppell's injuries, made the following observations: "[W]e are primarily relying on [Code Ann. §] 105-502 (5) ... We also take the position that there were certain duties on the part of Georgia Power Company, and certain independent acts on the part of Georgia Power Company, which is in evidence, which in itself could, could in and of themselves, hold the Georgia Power Company liable as individual acts of negligence on the part of Georgia Power Company." The trial court found that no evidence had been presented to support a finding that Poppell's injuries were the proximate result of any independent acts of negligence on Georgia Power's part and "directed a verdict" in favor of Georgia Power as to this theory of recovery. The case was then

submitted to the jury solely on the question of whether Georgia Power was "vicariously" liable to Poppell under Code Ann. § 105-502 (5). Poppell enumerates as error this "partial" direction of a verdict in favor of Georgia Power and the consequent failure to submit the case to the jury under a theory that Georgia Power had committed independent acts of negligence which could be found to be the proximate cause of the injuries sustained.

We have carefully and exhaustively studied the transcript of evidence and find nothing whatever which would support a finding that, under the circumstances surrounding the mishap, Georgia Power owed Poppell any duty the breach of which was a proximate cause of the injuries sustained. Indeed, the evidence demonstrated that Poppell's injuries were the proximate result of a breach of duties owed to him by his fellow Standard employees. The trial judge, not having excluded any admissible and material evidence offered on behalf of Poppell, did not err in directing a verdict in favor of Georgia Power on the theory that it was guilty of independent acts of negligence. *Gordon v. Athens Convalescent Center,* 146 Ga. App. 134 (245 SE2d 484) (1978). Compare *Isom v. Schettino,* 129 Ga. App. 73, 76 (199 SE2d 89) (1973).

3. Poppell enumerates as error the admission of certain testimony over the objection that it was "irrelevant and immaterial." "Nothing more at trial was urged as to why the challenged evidence was inadmissible and harmful. It has been repeatedly held by the Supreme Court and this court that an objection that evidence is irrelevant and immaterial is insufficient to show reversible error. [Cits.]" *Brown v. State,* 122 Ga. App. 59 (176 SE2d 240) (1970). Furthermore, it appears that the objection to the testimony was not raised until after the area of inquiry had already been the basis for several questions and responses. "A mere subsequent objection to previously admitted inadmissible testimony is not the equivalent of a motion to strike or exclude evidence; and such an objection is properly overruled. [Cits.]" *Gunter v. Logue,* 138 Ga. App. 868, 870 (227 SE2d 773) (1976).

4. An objection to the admission of testimony on the ground that "[i]t is speculative" is insufficient. See *Justice v. State Hwy. Dept.,* 100 Ga. App. 794, 795 (3c) (112 SE2d 307) (1959).

5. Assuming that Poppell's objection to a specific portion of the jury charge on the ground that "[we] don't think this charge is applicable to this case" was sufficient (*Christiansen v. Robertson,* 237 Ga. 711 (229 SE2d 472) (1976)), we find, on balance, arguments advanced on appeal in support of this contention to be meritless. *Huey v. City of Atlanta,* 8 Ga. App. 597 (70 SE 71) (1910); *McDade v. West,* 80 Ga. App. 481, 487 (2) (56 SE2d 299) (1949).

*Judgment affirmed, Shulman, P. J., and Banke, J., concur.*

DECIDED FEBRUARY 11, 1981.

*T. Alvin Leaphart,* for appellant.
*David Higdon, Joseph H. Davis,* for appellee.