66022. BRYANT et al. v. VILLAGE CENTERS, INC. et al.

CARLEY, Judge.
Appellant Nathan Bryant is an employee of Clayco Heating & Air Conditioning, Inc. (Clayco). At all times relevant to the instant appeal, Clayco was an independent subcontractor in the employ of Joe N. Guy Co., Inc. (Guy Co.). Guy Co. was the general contractor for the construction of a shopping center owned by Phase Two Associates (Phase Two), a Georgia Limited Partnership. Appellee Joe N. Guy is both a general partner in Phase Two, the shopping center owner, and the president of Guy Co., the general contractor. Appellee Wiederhold is also a general partner in Phase Two, as well as the president of appellee Village Centers, Inc. (VCI). VCI is an independent developer/consultant which "informally was employed to develop the property without a contract." (R-143).
While engaged in his employment with Clayco on the shopping center project, appellant Bryant fell and sustained severe personal injuries. Appellant received workers' compensation benefits. He and his wife, appellant Delores Bryant, subsequently filed suit against the following defendants: VCI, the developer/consultant for the shopping center project; Guy and Wiederhold, in their individual capacities as general partners of Phase Two, the shopping center owner; Guy Co., the general contractor; and Phase Two, the owner. Appellant Nathan Bryant sought damages resulting from the injuries he sustained in the fall, alleging, in essence, that all defendants had "negligently and carelessly failed to maintain the said premises in a safe condition by failing to provide a secure working area on the elevated mezzanine thereof, failing to provide a safety rope, wall, railing or other barrier along the edge thereof." Appellant Delores Bryant sought damages for loss of consortium. After discovery, all defendants moved for summary judgment. The motion of Guy Co.,

the general contractor, was granted on the basis that it was immune from tort liability under the Workers' Compensation Act. *Wright Assoc. v. Rieder,* 247 Ga. 496 (277 SE2d 41) (1981). The motion of Phase Two, the owner, was also granted on the basis of tort immunity. *Godbee v. Western Electric Co.,* 161 Ga. App. 731 (288 SE2d 881) (1982). Appellee VCI's motion was granted on the basis that it "had no contractual responsibility or possession or control to maintain the work premises in a safe condition." The motions of appellees Guy and Wiederhold were also granted. Appellants appeal from the order only insofar as it granted summary judgment to appellees VCI, Guy and Weiderhold.

1. It is true, as appellants assert, that VCI is not afforded tort immunity pursuant to the Workers' Compensation Act. Although Phase Two is both the statutory employer of appellant and the contractual employer of VCI, appellant and VCI are not, as between themselves, employees of the "same employer" within the meaning of OCGA § 34-9-11 (Code Ann. § 114-103). *Long v. Marvin M. Black Co.,* 250 Ga. 621 (300 SE2d 150) (1983). However, it is equally true that the grant of summary judgment to VCI was not premised upon the principle of tort immunity. VCI was granted summary judgment on the basis that, under the evidence of record, it had no duty to maintain the premises in a safe working condition, the breach of which duty underlay appellants' sole allegation of negligence. "In this state the essential elements of a cause of action based on negligence are: ' *(1) A legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risks of harm;* (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and, (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the legal duty.' [Cit.]" (Emphasis supplied). *Bradley Center v. Wessner,* 161 Ga. App. 576, 579-580 (287 SE2d 716) (1982). Accordingly, the issue presented for resolution is which entity or entities associated with the construction project owed the duty of providing employees a safe working environment.

As noted above, appellant Bryant was in the immediate employ of Clayco, which was in turn an independent subcontractor of Guy Co., the general contractor. Guy Co.'s contract with Phase Two, the owner, provided as follows: "[Guy Co.] shall supervise and direct the work, using his best skill and attention. He shall be *solely* responsible for all construction means, methods, techniques, sequences and procedures and for coordinating all portions of the work under the contract . . . *[Guy Co.] shall take all reasonable precautions for the safety of, and shall provide all reasonable protection to prevent*

*damage, injury or loss to: all employees on the work and all other persons who may be affected thereby . . . [and] shall erect and maintain, as required by existing conditions and progress of the work, all reasonable safeguards for safety and protection,* including posting danger signs and other warnings against hazards, promulgating safety regulations and notifying owners and users of adjacent utilities." (Emphasis supplied). It further appears that, under the contract, Phase Two retained or reserved no right or authority over the project for itself or any of its other employees, save only those consistent with the right and authority to require certain definite results in conformity with the contract. It is thus clear that, under the contract, the duty of providing safe working conditions was squarely upon Guy Co., the independent contractor and not Phase Two, the owner. See generally *Zurich General Acc. & Liab. Ins. Co. v. Lee,* 36 Ga. App. 248 (1) (136 SE 173) (1926). Therefore, assuming compliance with the clear terms of the contract, Phase Two, the owner, would not be liable for Guy Co.'s wrongful or negligent breach of this duty. OCGA § 51-2-4 (Code Ann. § 105-501).

There is no evidence that, notwithstanding the terms of the contract, Phase Two or its other "employee," VCI, interfered with the construction project and assumed Guy Co.'s right to control the time, names and method of executing the work. Indeed, the undisputed evidence conclusively demonstrates that whatever actions VCI took with regard to the project were solely pursuant to the right of its employer, Phase Two, to require certain definite results in conformity with the contract. Thus, the actions of VCI were in legitimate pursuit of its own contractual obligation to Phase Two. Those actions on the part of VCI do not demonstrate that it had ousted Guy Co. from its contractual status as an independent contractor and that VCI had thereby assumed responsibility for the manner in which the work was done, including responsibility for providing a safe working environment for those employed on the project. *Quinan v. Standard Fuel Supply Co.,* 25 Ga. App. 47 (1) (102 SE 543) (1920).

The evidence is clear that the premises were "surrendered" to Guy Co., that Guy Co.'s status as an independent contractor was not "interfered" with by Phase Two or VCI, that the duty of providing for the safety of workers was accordingly upon Guy Co., and that no such duty was owed by any other entity involved in the project. See *Butler v. Lewman,* 115 Ga. 752 (42 SE 98) (1902). *Jordan v. Atlanta, Birmingham & Atlantic R. Co.,* 7 Ga. App. 67 (66 SE 279) (1909). Compare *Johnson v. Western & Atlantic R. Co.,* 4 Ga. App. 131 (60 SE 1023) (1908); *Quinan v. Standard Fuel Supply Co.,* supra. "There is no basis in the record which could possibly impose liability upon the

employer [Phase Two or its agent, VCI,] for the alleged negligence of the independent contractor. [Cit.]" *Moore v. Oglethorpe Sanitorium,* 129 Ga. App. 310, 311-312 (199 SE2d 615) (1973). "We have carefully and exhaustively studied the . . . evidence and find nothing whatsoever which would support a finding that, under the circumstances surrounding the mishap, [VCI, the agent of the owner,] owed [appellant Nathan Bryant] any duty the breach of which was a proximate cause of the injuries sustained." *Poppell v. Georgia Power Co.,* 157 Ga. App. 488, 489 (277 SE2d 777) (1981). The trial court did not err in granting summary judgment in favor of VCI. Compare *Howell v. Ayers,* 129 Ga. App. 899, 901 (4) (202 SE2d 189) (1973).

2. The same analysis would be applicable with regard to the grant of summary judgment to appellees Guy and Wiederhold, who were sued in their individual capacities as general partners of the owner, Phase Two. Under the uncontroverted evidence, the duty the breach of which is alleged to be the negligent act underlying appellants' claims, was a duty owed only by Guy Co., the independent contractor. Since the partnership owner did not owe appellant Nathan Bryant any duty to provide safe working conditions, the individual partners have no liability to appellants. *Moore v. Oglethorpe Sanitorium,* supra; *Poppell v. Georgia Power Co.,* supra.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED JUNE 29, 1983.

*Richard A. Gordon,* for appellants.
*J. Douglas Compton,* for appellees.