## 76052. THE STATE v. HORTMAN.
(365 SE2d 887)

DEEN, Presiding Judge.

Police Officer Clark was directing traffic around a highway wreck while a fellow officer and firemen were dealing with the wreck itself. The scene was illuminated by the lights of the police and fire department vehicles and the headlights of the passing traffic. All approaching vehicles responded to Officer Clark's hand-signals to pull into the left-hand lanes except that of appellee, which, in disregard of Clark's waving flashlight, remained in its lane and passed at a high speed. Clark pursued the Hortman car on his motorcycle but was unable to overtake it (he "clocked" Hortman's car at 90 m.p.h.); another officer driving a patrol car finally overtook and stopped the fleeing vehicle.

Upon emerging from his automobile, appellee was unsteady on his feet; his clothes were in disarray, his eyes were bloodshot, and a strong odor of alcohol permeated the area. Hortman, at the officers' instruction, made two unsuccessful attempts to recite the alphabet and another to bring his finger to his nose. The second officer then placed him under arrest for driving under the influence, speeding, and failing to obey a police officer; at this time, according to Officer Clark, the other officer advised Hortman of his implied consent rights, with Clark witnessing the procedure.

Hortman filed a motion to suppress the results of the blood alcohol test on the ground of lack of probable cause for the arrest. The arresting officer was not present at the hearing, but Officer Clark was there and testified to the facts recited, supra, and stated that the other officer had read the implied consent rights from a printed card. Defense counsel objected to this testimony on the basis that the card on which the rights were printed was the "best evidence" of the contents of the warning regarding the implied consent rights, and that no such card was presented in evidence at the hearing. The defense then orally amended the motion to suppress, alleging that the State had

not proved that the implied consent warnings were given. The trial court granted the motion to suppress, presumably on the ground of the oral amendment; the order itself does not state the basis on which the motion was granted. The State appeals under OCGA § 5-7-1 (4), enumerating as error the trial court's actions in sustaining the objection to the testimony and granting the motion to suppress on the basis of the oral amendment. *Held*:

1. The State contends that the "best evidence" rule was misapplied here. This rule is applicable where the essential fact to be proved is either the existence or the contents of a writing. *Young v. State*, 226 Ga. 553 (176 SE2d 52) (1970); *Calloway v. State*, 176 Ga. App. 674 (337 SE2d 397) (1985). When the existence of a fact, and not the contents of a writing, is the question at issue, both oral and written evidence of the fact may be admitted as primary evidence. *Peterson v. Lott*, 200 Ga. 390 (37 SE2d 358) (1946); *Denson v. State*, 149 Ga. App. 453 (254 SE2d 455) (1979). See also OCGA § 24-3-2 et seq. In the instant case the essential fact which the State sought to prove was that the defendant had been informed of his implied consent rights, OCGA §§ 40-5-55; 40-6-392: it was not the existence of the arresting officer's "implied consent" card or the contents of the matter printed thereon which was at issue. The essential facts concerning which Officer Clark sought to testify were (1) that as an experienced police officer he was thoroughly familiar with the "implied consent" rights and was able to recognize them when he heard them; and (2) that he had heard the other officer read these rights to the defendant/appellee at the time of the stop and arrest. The transcript reveals that the prosecutor had informed the court as to the nature of the evidence he was seeking to elicit from the police officer. Thus the State substantively complied with the requirement of a proffer of evidence. See, e.g., *Griffin v. Henderson*, 117 Ga. 382 (43 SE 712) (1903); *Poppell v. Ga. Power Co.*, 157 Ga. App. 488 (277 SE2d 777) (1981); *Cel-Ko Bldrs. &c. v. BX Corp.*, 140 Ga. App. 501 (231 SE2d 361) (1976). The trial court erred in sustaining the objection to the proffered testimony.

2. The State further contends that the trial court erred in granting the motion to suppress. If, in the fact situation *sub judice*, there existed probable cause for the arrest, the sole remaining ground on which the motion to suppress could have been granted was that stated in the oral amendment; i.e., that the State had not proved that the implied consent warnings were administered. The undisputed facts of the instant case make it clear that probable cause did exist for the chase, stop, and arrest of the defendant. We have held, supra, that the proffered oral testimony (which would constitute the proof that the rights had been given) should have been admitted and the objection based on the "best evidence" theory should have been over-

ruled. It follows, therefore, that a motion based on this legal theory is invalid, and that to grant such a motion is error.

*Judgment reversed. Carley and Sognier, JJ., concur.*

DECIDED FEBRUARY 8, 1988.

*Patrick H. Head, Solicitor, Melodie H. Clayton, Assistant Solicitor,* for appellant.

*Alan C. Manheim,* for appellee.