76867. THE STATE v. UGALDE.
(373 SE2d 643)

SOGNIER, Judge.

The trial court granted Rafael Sosa Ugalde's motion to suppress evidence seized at the time of his arrest, and the State appeals.

Evidence adduced at the hearing on the motion to suppress reveals that Joseph Dallas, a federal narcotics agent on duty at the Atlanta airport, observed appellee walking up the concourse with a tote bag away from the gate where a flight from Fort Lauderdale, a known drug source city, had just landed. He determined that appellee stopped at another gate to ask for directions for his connecting flight to Knoxville; that only one person, a Rafael Ugalde, was traveling alone from Fort Lauderdale to Knoxville; that passenger Ugalde had paid cash for his ticket the previous night; and that he had left a false callback number with the airline. Based on this information, which matched elements of the drug courier profile, Dallas decided to interview appellee. Thereupon, Dallas, who was dressed in casual clothes and carrying a concealed weapon, approached appellee at the Knoxville departure gate. Dallas ascertained from appellee that his ticket was issued in the same name as his driver's license, Rafael Ugalde, and that he had no baggage tickets. Dallas also testified that appel-

lee's "hands were kind of shaking." Fellow narcotics agents Paul Markonni and Rick Jordan, upon joining the conversation between Dallas and appellee, suggested that they move to the edge of the seating area, which appellee agreed to do. Informing appellee that they were looking for narcotics, the agents asked if he would agree to a search of him and his tote bag, to which appellee responded that he wanted to call his attorney first. Appellee agreed to accompany the agents to an airline office two gates away to make his call, but when he reached the office he was unable to find his attorney's phone number in his bag. Markonni then stated that appellee did not need to consult with counsel to consent to a search, and again requested permission to search, to which appellee responded, "[g]o ahead, do it." The search yielded seven containers of what appeared to be cocaine concealed in his pocket and tote bag.

The trial court determined that the search and seizure were illegal because once appellee requested counsel, all further interrogation and investigation should have ceased. Appellant argues that the search was consensual, and that the Fifth Amendment privilege against self-incrimination was not applicable.

We agree with appellant that the Fifth and Fourteenth Amendment privilege against compulsory self-incrimination articulated in *Miranda v. Arizona,* 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), which is based upon the theory that custodial interrogation is inherently coercive, see *Kirby v. Illinois,* 406 U. S. 682, 688 (92 SC 1877, 32 LE2d 411) (1972), is not at issue here because there was no custodial police interrogation. See *Scott v. State,* 170 Ga. App. 409, 411 (2) (317 SE2d 282) (1984), aff'd, 253 Ga. 147 (317 SE2d 830) (1984), involving a similar factual situation. The trial court apparently focused on the guarantee of the right to counsel contained in the Sixth and Fourteenth Amendments, but that right "attaches only at or after the time that adversary judicial proceedings have been initiated against [appellee]. [Cits.]" *Kirby,* supra. Because appellee had not been indicted, arraigned, or otherwise subjected to the commencement of criminal proceedings against him, the trial court erred by concluding that his constitutional right to counsel had been invoked before the search. See id. at 688-690; see also *Scott,* supra at 411 (2).

Nonetheless, appellee contends that the motion to suppress was properly granted because he did not voluntarily accompany the agents or consent to the search. Appellee testified that he did not want to leave the departure gate with the agents, but he felt he "had to go with them." However, Agent Dallas testified that at all times he and his fellow agents did nothing to indicate to appellee that he was not free to leave, and that they would not have pursued him if he had refused to cooperate. Dallas also testified that appellee agreed to allow a search of his person and his bag. Because there was a direct

conflict in the testimony on this issue, the question below turned on the credibility of the witnesses. The trial court found that Dallas's testimony presented "substantially the facts as they actually occurred," and we do not find this decision clearly erroneous. See *Woodruff v. State*, 233 Ga. 840, 844 (3) (213 SE2d 689) (1975). Thus, the trial court's grant of the motion to suppress being based on an invalid legal theory, see generally *State v. Hortman*, 185 Ga. App. 756, 757-758 (2) (365 SE2d 887) (1988), and the trial court's findings of fact not otherwise requiring the grant of the motion, we therefore reverse the trial court's grant of appellee's motion to suppress the seized evidence.

*Judgment reversed. Deen, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 9, 1988 —
REHEARING DENIED SEPTEMBER 28, 1988

*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney*, for appellant.
*Frederick R. J. Jackson*, for appellee.