### A89A1156. RONEY v. THE STATE.
(386 SE2d 412)

BIRDSONG, Judge.

Appellant Wiley Roney appeals his conviction and sentence for trafficking in cocaine, obstruction of an officer, and driving while license is suspended.

While on stakeout on an unrelated case, Sgt. Jackson of the Moultrie/Colquitt County Drug Squad observed appellant drive into a motel parking lot and retrieve a little white package from the trunk of another vehicle. Appellant put the package in his pocket. He then talked to a woman, later identified as his wife, gave her some money and drove off. Sgt. Jackson radioed this information to Lt. Rayburn. Rayburn found appellant and asked him to step out of his vehicle. Appellant struck Rayburn on the chest with both hands, pushing him backwards, and then fled on foot. The police followed in hot pursuit. Sgt. Holmes saw appellant running with something in his hand. Officer Ethridge saw appellant fall down. Subsequently a white plastic bag containing over 28 grams of cocaine was found in this same area. The bag was dry and clean when it was recovered. Sgt. Jackson testified that the bag found looked like the "same type object" appellant had been in possession of in the motel parking lot. Appellant was apprehended and placed in arrest. Appellant was searched and found to be carrying $1,427 in currency.

Appellant's wife testified that she had given appellant the money, which was from her income tax return, the night before to make a car payment. She did not see appellant with a white paper bag, and he did not get anything out of the car trunk in the motel parking lot. *Held*:

1. Appellant asserts that the evidence is insufficient to establish appellant's guilt beyond a reasonable doubt.

Appellant does not contest the sufficiency of the evidence of the offense of obstruction of an officer either by argument or citation of authority in his brief. Accordingly, this issue is not before us on review. Court of Appeals Rule 15 (c); *Adams v. State*, 187 Ga. App. 340 (3) (370 SE2d 197).

Appellant asserts that the evidence is insufficient as a matter of law to support his conviction of driving while his driver's license was suspended. The only evidence introduced to sustain this charge, in addition to that showing appellant was driving a motor vehicle on the day of the incident and was arrested after his escape attempt failed, is as follows: "[DISTRICT ATTORNEY]: Were you able to check his driver's license? [LT. RAYBURN]: Yes, whenever we brought him in to *book* him he didn't have *any* identification on him. *We* ran his driver's license and . . . *we* found it to be suspended." (Emphasis supplied.) No objection was made to the introduction of this evidence. Hearsay evidence is without probative value and will not establish fact in issue even in the absence of a timely objection. See generally *Slater v. State*, 44 Ga. App. 295, 297 (161 SE 271). However, the record does not establish that this testimony was hearsay. Rather, it is equally plausible that Rayburn, in conjunction with one or more other persons, *personally* conducted the check that revealed appellant's li-

cense was suspended. On appeal we are required to construe the evidence in the light most favorable to the verdict. *Watts v. State*, 186 Ga. App. 358 (1) (366 SE2d 849). Moreover, assuming but not conceding that this testimony may have been subject to a "best evidence" objection, compare *State v. Hortman*, 185 Ga. App. 756 (1) (365 SE2d 887) and *Denson v. State*, 149 Ga. App. 453 (2) (254 SE2d 455), appellant has waived this issue by failing to object timely on that ground. *Rushin v. State*, 63 Ga. App. 646 (1) (11 SE2d 844). Accordingly, Rayburn's testimony was competent and would establish the fact that appellant who was driving on the day he was arrested and booked had a suspended driver's license.

To support the verdict of guilty of trafficking in cocaine and of driving while license was suspended, the circumstantial evidence must only exclude hypotheses that are reasonable; it need not exclude every inference or hypothesis except that of the defendant's guilt. *Smith v. State*, 257 Ga. 381, 382 (359 SE2d 662). Viewing the evidence in a light most favorable to the verdict, we conclude that the jury could rationally have found that it excluded every reasonable hypothesis except that of the defendant's guilt. Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offenses of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Baggett v. State*, 257 Ga. 735 (2) (363 SE2d 257).

2. Appellant asserts that the trial court erred in admitting evidence of appellant's prior conviction for possession of marijuana with intent to distribute.

Appellant objected at trial on the specific grounds that the conviction did not constitute a "similar offense," and because of the highly prejudicial impact that the evidence would have on the jury. "Evidence of similar [independent] crimes is admissible where its relevance to show identity, motive, plan, scheme, bent of mind and course of conduct, *outweighs* its prejudicial impact." *Oller v. State*, 187 Ga. App. 818 (2) (371 SE2d 455). It may also be admissible in certain circumstances for "some other rational connection with the offense for which [an accused] is being tried." *Jones v. State*, 257 Ga. 753, 757-758, n. 6 (363 SE2d 529). But before such evidence is admissible, two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged that proof of the former tends to prove the latter, *Robinson v. State*, 192 Ga. App. 32 (383 SE2d 593) (1989); *Oller*, supra. Moreover, evidence of an independent crime is never admissible unless the prejudice it creates is outweighed by its relevancy to the issues on trial. *Robinson*, supra;

accord *Rainwater v. State,* 256 Ga. 271, 272, n. 2 (347 SE2d 586).

In this instance sufficient evidence of record exists to establish that appellant was the perpetrator of the offense of possession of marijuana with intent to distribute. We also are satisfied that the record contains adequate evidence to establish that there existed a sufficient similarity between the marijuana offense and the current trafficking in cocaine charge. In particular, we note the similarity in both cases between the conduct of the accused in disposing of the illegal substance before police apprehension. Also in both instances, appellant refused to obey the police order to leave his vehicle and thereafter was belligerent (in the present case he struck the arresting officer and fled, and in the former case he had to be physically removed from the motorcycle and handcuffed). Finally, both the current charge of cocaine trafficking and the prior offense of marijuana possession with intent to distribute inherently reflect a similarity of criminal design to provide controlled substances to other persons.

Further, assuming arguendo that some degree of prejudice to appellant would flow from the mere admission of this evidence, such prejudice was outweighed by probative value or its relevancy to the issues on trial, specifically to appellant's motive, bent of mind, plan, scheme and course of conduct. In this regard, notwithstanding that the marijuana offense occurred in December 1984, we find persuasive not only the nature of the prior criminal act and the similarity of the circumstances surrounding its commission, but also the trial judge's clear and concise limiting instruction to the jury. See *Johnson v. State,* 258 Ga. 506 (3) (371 SE2d 396) (finding no error and noting that the trial judge gave an "appropriate limiting instruction").

Prejudice does not *automatically* outweigh relevancy merely because of a lapse of time between the current charge and the prior marijuana conviction. "Mere lapse of time between the commission of any prior similar crimes and the commission of the offenses currently at trial does not render the evidence automatically inadmissible. See *Rich v. State,* 254 Ga. 11, 14 (325 SE2d 761) [evidence eleven years old not inadmissible]. Rather, lapse of time is a factor to be taken into consideration when *balancing the probative value of the evidence against its potentially prejudicial impact." Oller,* supra at 820.

Moreover, " ' "(a)dmissibility of evidence is a matter which rests largely within the sound discretion of the trial court," ' *Santone v. State,* 187 Ga. App. 789 (3) (371 SE2d 428), ' "and in the absence of an abuse of judicial discretion, this court will not interfere" with the trial court's ruling.' *Palmer v. State,* 186 Ga. App. 892, 898-899 (369 SE2d 38)." *Gully v. Glover,* 190 Ga. App. 238, 242 (4) (378 SE2d 411). We find no abuse of discretion in this ruling.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

Decided September 7, 1989.

*John G. Runyan*, for appellant.
*H. Lamar Cole, District Attorney, Charles M. Stines, Assistant District Attorney*, for appellee.