## A92A0615. KING et al. v. MIDAS REALTY CORPORATION.

(420 SE2d 62)

SOGNIER, Chief Judge.

The administrator of the estate of Cleveland King, the widow of Willie Fitzpatrick, and Joseph Hooks each brought suit against Midas Realty Corporation, as owner, and D & M Contractors, Inc., the general contractor, seeking damages arising out of the collapse of a wall under construction by D & M for Midas Realty. The trial court granted the defendants' motions for summary judgment; the plaintiffs, in this joint appeal, challenge only the grant of summary judgment in favor of Midas Realty.

The record establishes that D & M contracted with appellee to build a muffler shop on appellee's property. Employees of a subcontractor hired by D & M were laying brick fronting an 18 foot high concrete cinderblock wall of the muffler shop when the wall collapsed, killing Willie Fitzpatrick and Cleveland King and injuring Hooks. The wall in issue had not been braced, although there was opinion evidence in the record that bracing would not have prevented the wall from collapsing under the pressure of an unusually strong wind gust. The trial court, citing *McClure v. Equitable Real Estate Investment Mgmt.*, 195 Ga. App. 54, 55 (392 SE2d 272) (1990) and *Modlin v. Swift Textiles*, 180 Ga. App. 726, 727-730 (1) (350 SE2d 273) (1986), granted summary judgment to appellee based on its finding that no genuine issues of material fact remained that appellee had relinquished possession of the premises to D & M and that neither under the terms and conditions of appellee's contract with D & M nor in actual practice had appellee retained control over the premises or directed the manner in which D & M executed the work under the contract, including performance of site safety functions.

We affirm. The safety precautions section of the contract between appellee and D & M clearly and unambiguously placed on D & M the responsibility for "initiating, maintaining and supervising all safety precautions and programs in connection with the [construction]" and for complying with "all applicable laws, ordinances . . . of any public authority having jurisdiction for the safety of persons or property or to protect them from damage, injury or loss." No evidence was introduced to controvert the deposition testimony of appellee's regional construction manager, Thomas Lusby, the employee who oversaw the project, that the inspections he performed under the contract were to determine progress on the site for payment purposes, that his job did not involve addressing safety matters on the project, and that the general contractor, not appellee, was solely responsible for safety at the construction site.

We do not agree with appellants that a question of fact exists whether appellee exercised control over the project merely because

provisions in the contract required that D & M's project superinten-
dent (whom the contract provided would also serve as the project's
safety inspector) had to be "satisfactory to [appellee]" and could not
be replaced without appellee's consent. Construing the contract as a
whole, see generally *F & F Copiers v. Kroger Co.*, 194 Ga. App. 737,
739 (1) (391 SE2d 711) (1990), nothing in the contractual provision
concerning the superintendent's position negated appellee's express
surrender to D & M's control of all aspects of safety procedures and
precautions on the property. Further, there is no evidence that appel-
lee in fact utilized this provision to oust D & M from its contractual
status as an independent contractor or to assume responsibility for
the manner in which the work was done. See *Bryant v. Village Cen-
ters*, 167 Ga. App. 220, 222 (305 SE2d 907) (1983). In regard to appel-
lants' arguments based upon testimony by Lusby regarding appellee's
intervention in other projects in matters involving subcontractors,
" '[i]t further appears that, under the contract, [appellee] retained or
reserved no right or authority over the project for itself or any of its
other employees, save only those consistent with the right and au-
thority to require certain definite results in conformity with the con-
tract.' " *Modlin*, supra at 729. Finally, we do not agree with appel-
lants that the contract provision reserving to appellee certain facets of
the construction presented any question of fact whether appellee con-
trolled the project, given the uncontroverted testimony by Lusby that
the only facet of the construction reserved by appellee in the contract
with D & M involved installation of the muffler shop's roof, which was
contracted separately by appellee to a national roofing contractor.

"The evidence is clear that the premises were 'surrendered' to [D
& M], that [D & M's] status as an independent contractor was not
'interfered' with by [appellee], that the duty of providing for the
safety of workers was accordingly upon [D & M], and that no such
duty was owed by [appellee]. [Cits.]" *Bryant*, supra at 222. Therefore,
there is no basis in the record upon which liability could possibly be
imposed upon appellee for the alleged negligence of D & M, and the
trial court did not err by granting appellee's motion for summary
judgment. See generally id. at 223 (1).

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED JUNE 9, 1992 —
RECONSIDERATION DENIED JUNE 22, 1992.

*Nadler, Beskin & Scott, Gary M. Nadler*, for appellants.
*Drew, Eckl & Farnham, W. Wray Eckl, James M. Poe*, for appel-
lee.