A91A0781. DUPREE et al. v. GOODRUM.
(410 SE2d 332)

SOGNIER, Chief Judge.
A. C. Goodrum, in his capacities as father and next friend of Crystal Goodrum, brought suit against Sandra Dupree, the Butts County School District, and John Spillers seeking to recover damages for injuries Crystal incurred after she exited a Butts County school bus driven by Dupree and was involved in an accident with a truck driven by Spillers. The trial court denied the motion for summary judgment filed by Dupree and the school district, and we granted their application for interlocutory appeal.

We reverse. The record reveals that pursuant to the instructions of appellee's wife, Crystal's mother, appellant Dupree allowed six-year-old Crystal and her nine-year-old stepbrother to disembark from the school bus at a location across the highway from the home of Crystal's grandmother. Although the evidence conflicted on whether this was a regular bus stop, it was uncontroverted that appellant school district had received no complaints as to the safety or location

of the stop; there had been no accidents or other incidents of pedestrians being struck at or around the stop; that one half mile from the stop was a traffic sign alerting oncoming vehicles to the school bus stop ahead; and that the driver of a properly maintained vehicle would have no difficulty stopping at the point where Crystal disembarked.

It is uncontroverted that Dupree was a licensed and trained school bus driver, that the school bus she was operating was properly maintained, and that all the warning lights and flags on the bus were operating properly at the time of the accident. The record reveals that Crystal's stepbrother and a cousin got off the bus before Crystal and waited for her at the side of the road in front of a safety flag that swings out from the bumper of the bus to ensure that the bus driver can see children as they pass in front of the bus. At this approximate time, Spillers, driving a truck carrying pulpwood, discovered as he crested the hill on the approach to the bus stop that his brakes were no longer functioning. He also had no operative horn on his truck. Spillers' truck accelerated as it approached the bus stop.

The record reveals that Crystal got off the bus, walked quickly past her stepbrother and cousin into the space in front of the bus, looked in one direction but never in the direction of Spillers' oncoming truck, then either stepped into or was struck by the truck, sustaining serious injuries. Although there was some conflict regarding what actions Dupree took as these events were occurring, the evidence is uncontroverted that Crystal did not notice the attempts of Dupree or her own stepbrother and cousin to warn or save her from the danger.

" 'To state a cause of action for negligence in Georgia, the following elements are essential: "(1) A legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and, (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the legal duty." (Cit.)' [Cit.]" *Anneewakee, Inc. v. Hall*, 196 Ga. App. 365, 367 (396 SE2d 9) (1990).

"Although negligence cases are not frequently susceptible to final adjudication by motion for summary judgment, nevertheless, in cases of plain, palpable and indisputable evidence, summary judgment may be awarded." (Citations and punctuation omitted.) *Jones v. Central of Ga. R. Co.*, 192 Ga. App. 806, 807 (386 SE2d 386) (1989). We agree with appellants that the evidence of record fails to present any genuine issue of material fact indicating that appellants breached any duty owed Crystal. As is stated in *Gazaway v. Nicholson*, 61 Ga. App. 3, 10 (5 SE2d 391) (1939), cited by appellee, "[i]t is, of course, the duty of a

bus driver to discharge a passenger at a place of safety; and where a carrier deposits him at a place *which it knows will reasonably expose him to unusual and unnecessary peril,* it may be held liable for a proximately resulting injury." (Emphasis supplied.) Here, however, appellants adduced uncontroverted evidence that no events had ever occurred at or around the stop where Crystal disembarked that would have alerted appellants that depositing her there reasonably exposed her to an unusual and unnecessary peril. We do not agree with appellee that the mere possibility that some motorist might not abide by the Uniform Rules of the Road was sufficient to create a genuine issue of material fact for jury determination whether appellants knew that they were not discharging Crystal at a place of safety. Rather, the burden shifted to appellee to set forth specific facts showing that a genuine issue existed for trial, see *Robinson v. Starr,* 197 Ga. App. 440, 443 (398 SE2d 714) (1990), and appellee having failed to carry that burden, the trial court erred by denying appellants' motion for summary judgment. See generally id.

Accordingly, it is unnecessary to address appellants' argument that there was no evidence that any breach of duty on their part was the proximate cause of Crystal's injuries.

*Judgment reversed. McMurray, P. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 5, 1991.

*Fortson & White, Michael J. Rust, Matthew G. Moffett, Garland & Milam, J. Byrd Garland,* for appellants.
*Craig N. Cowart, Johnny B. Mostiler,* for appellee.

