A92A2313. HACKEL et al. v. BARTELL et al.
(428 SE2d 584)

JOHNSON, Judge.

Jo Ann Hackel parked her car behind Donna Lee Bartell's car on a sloped driveway. When the home sales presentation the women were attending was over, they got into their respective cars to leave. Instead of releasing the emergency brake in her car, Hackel pulled the hood release. She got out of her car in order to close the hood. At that point, Bartell also got out of her car, walked over to Hackel's car, leaned in the open door and released the emergency brake. The car began rolling down the driveway, knocking both Hackel and Bartell to the ground.

Bartell and her husband brought suit against Hackel and Marietta Dodge, Inc., the lessor of the car, alleging negligence against both defendants. They later amended their complaint to include a breach of warranty claim against Marietta Dodge. The defendants filed a motion for summary judgment on the negligence counts, asserting that Bartell failed to exercise ordinary care for her own safety and assumed the risk of any injury she may have sustained. The motion was granted only with respect to the negligence count against Marietta Dodge. The trial court denied summary judgment on the negligence count against Hackel. Although not part of the motion, the trial court also denied summary judgment on the breach of warranty claim against Marietta Dodge. Hackel and Marietta Dodge appeal.

1. The undisputed facts most critical to our determination of Hackel's appeal are that Bartell voluntarily leaned into the open door of a car which was parked on a slope and released the emergency brake. She admitted in her deposition that she did not check to see whether the car was in gear. Assumption of risk in its simplest and primary sense means that the plaintiff has given her express consent to relieve the defendant of an obligation of conduct toward her and to take her chance of injury from a known risk. The result is that the defendant is simply under no legal duty to protect the plaintiff. *Lundy v. Stuhr*, 185 Ga. App. 72, 75 (363 SE2d 343) (1987). See also Prosser, Law of Torts, p. 303 (2d ed.).

We agree with an observation previously made by this court: "The plaintiff went into the situation with [her] eyes open. [She] saw the whole picture; [she] had the opportunity to measure the risks, if any, and was under no compulsion [to assist in releasing the brake]. . . . Every adult is presumed to be endowed with normal faculties, both mental and physical. No person should conduct [herself] in an irresponsible manner when even ordinary prudence would protect [her] from the likelihood of possible injury. At some point the danger and likelihood of injury becomes so obvious that actual knowledge by the plaintiff is unnecessary." (Citations and punctuation omitted.) *Lundy v. Stuhr*, supra at 74. See *Simmons v. Classic City Beverages*, 136 Ga. App. 150 (4) (220 SE2d 734) (1975); *Union Carbide Corp. v. Holton*, 136 Ga. App. 726, 732 (222 SE2d 105) (1975).

We recognize the long-standing rule that issues of negligence and lack of ordinary care for one's own safety are rarely appropriate matters for summary adjudication. Nonetheless, in certain instances, such as this, the trial court can conclude as a matter of law that plain, palpable and undisputed evidence establishes that plaintiff assumed the risk of her injury. *Dupree v. Goodrum*, 201 Ga. App. 114, 115 (410 SE2d 332) (1991). We are satisfied that the intervening negligence of Bartell was the sole proximate cause of her own injury. Where, as here, an intervening act is the proximate cause of the injury, the defendant has a valid defense as a matter of law. See *First Pacific Mgmt. v. O'Brien*, 184 Ga. App. 277 (361 SE2d 261) (1987). In light of the particular facts of this case, we find that the denial of summary judgment on the negligence claim against Hackel was error.

2. Marietta Dodge had not moved for summary judgment on the breach of warranty claim, as it had recently been added to the complaint and discovery on that claim had not been conducted. The denial of summary judgment with regard to that claim when it was not before the trial court for consideration was error and must be reversed. Marietta Dodge may, of course, seek summary judgment on that claim at any time after this case is returned to the trial court, and the parties may pursue whatever appellate remedies are available to them after a ruling on any such motion.

*Judgment reversed. Pope, C. J., and Carley, P. J., concur.*

DECIDED FEBRUARY 11, 1993 —
RECONSIDERATION DENIED MARCH 2, 1993 —

*Goldner, Sommers, Scrudder & Bass, Glenn S. Bass, William W. Horlock, Jr.*, for appellants.

*Whelchel, Dunlap & Gignilliat, Thomas M. Cole, Madeline*

*Wirt, Thomas S. Bishop*, for appellees.