A93A0601. BRASWELL v. WALTON.
(431 SE2d 417)

BEASLEY, Presiding Judge.

Braswell, an employee of a subcontractor, was injured on the job during the construction of a house on a lot owned by Walton. He appeals from the grant of Walton's motion for summary judgment.

Walton contracted orally with Vietor, a local contractor, to build a house on his lot. It is undisputed that during the construction Wal-

ton surrendered possession and control of the premises to Vietor, the general contractor. Walton visited the construction site weekly or bi-weekly to view the progress and pay Vietor.

Vietor hired Fantastic Fans, Inc. to install a fireplace on the second floor of the residence under construction. Braswell was employed by Fantastic Fans as an installer and worked on the fireplace installation at the Walton construction site. He visited the construction site three times before the date of his injury. On each occasion he used a temporary staircase to get to the second floor. On the day he was injured, he noticed that the staircase, which had previously been "toenailed" to the wall to render it more stable, was no longer attached to the wall. Nevertheless, he and a co-worker ascended the stairway. The co-worker led, carrying a pipe. Braswell followed, carrying a toolbox. He noticed that the stairway was shaky and hesitated, but his co-worker assured him that if he had made it, Braswell could, too. Braswell continued his ascent and was almost at the top when the staircase folded and Braswell fell to the floor. Braswell's medical bills were paid by workers' compensation through Fantastic Fans, which also paid disability wages during the time he was out of work.

The trial court granted Walton's motion for summary judgment on the ground that under *Modlin v. Swift Textiles*, 180 Ga. App. 726 (350 SE2d 273) (1986), Walton's virtually complete surrender of possession and control of the premises to Vietor rendered him not liable for Braswell's safety.

Braswell contends this ruling was erroneous because in *Modlin* a written contract provided specifically that safety was the responsibility of the general contractor, and this court held only that under those circumstances the owner could not be held responsible. He argues that the silence of the oral contract between Walton and Vietor as to which of them was responsible for worker safety during construction creates a material issue of fact as to their intention on that question.

However, the facts in *Modlin* represent but an expressly provided-for example of the principle that when an owner makes a complete, albeit temporary, surrender of possession and control of premises to a contractor, the owner cannot reasonably be expected to exercise precautions to protect the contractor's invitees. *Butler v. Lewman & Co.*, 115 Ga. 752, 756-757 (2) (42 SE 98) (1902). See *Newburn v. Healey Real Estate &c. Co.*, 17 Ga. App. 217, 224-225 (1) (86 SE 429) (1915). Compare *Towles v. Cox*, 181 Ga. App. 194, 195-198 (1) (351 SE2d 718) (1986) (jury authorized to conclude that full possession and complete control of premises not surrendered by owner of shopping center to contractor during installation of new water and sewer lines).

Where the owner employs a general contractor to construct a res-

idence on his lot, and places the general contractor in temporary exclusive possession and control of the premises, a subcontractor employed by the general contractor to perform certain work in connection with the construction is the invitee of the general contractor, to whom the general contractor owes the duty of ordinary care. *Braun v. Wright*, 100 Ga. App. 295, 296 (111 SE2d 100) (1959). Thus, Vietor and not Walton had the duty to insure that the premises were safe for Braswell.

As Braswell's statutory employer, Vietor could be held liable under the Workers' Compensation Act. OCGA § 34-9-8. The Act, which provides the exclusive remedy against those within its purview, also provides tort immunity for Vietor. OCGA § 34-9-11 (a). Although Walton, as the owner, is not immune from liability, the record conclusively shows that he breached no duty to Braswell. Braswell's injury occurred while the house was being framed; Walton had surrendered complete control over the premises and visited the site only to observe progress and pay the contractor; it was understood to be the contractor's responsibility to provide workers' compensation for the construction workers; and Walton understood that the contractor would be responsible for worker safety.

The evidence shows without a genuine issue of material fact that Walton had no duty to keep the premises safe for the contractor's invitees, and the court properly granted summary judgment to Walton.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED MAY 6, 1993.

*Carl A. Veline, Jr.*, for appellant.
*Jones, Cork & Miller, John T. Mitchell, Jr.*, for appellee.

