## A93A0128. ENGLEHART et al. v. OKI AMERICA, INC.

(433 SE2d 331)

JOHNSON, Judge.

A. R. Weeks & Associates acted as general contractor on a project for the construction of a building owned by OKI America, Inc. During construction, there were several openings in the floors of the building where the heating, ventilation and air conditioning (HVAC) system was to be installed. As a protective measure, Weeks covered these holes with pieces of plywood. OKI assigned an employee, Thomas Spinks, to visit the construction site periodically to ensure that Weeks was conforming to the construction contract drawings and specifications. As part of his duties, Spinks measured the size and location of the HVAC openings; he removed the plywood pieces covering the holes, took the measurements and then replaced the plywood exactly as he had found it.

Thomas Englehart, an employee of the project's sheet rock subcontractor, was working on the second floor of the building when he attempted to block the wind from his work area with one of the pieces of plywood. As Englehart lifted the piece of plywood, he stepped into the opening which the plywood had been covering and fell approximately 13 feet to the first floor of the building. Englehart and his wife filed a lawsuit against OKI seeking damages for personal injury and loss of consortium. The trial court granted summary judgment to OKI. The Engleharts appeal.

1. The Engleharts contend that the trial court erred in granting summary judgment to OKI because there are genuine issues of material fact as to whether OKI is vicariously liable for the alleged negligence of independent contractor Weeks in placing the plywood over the HVAC openings. Generally, a property owner who has surrendered full possession and control of the property to an independent contractor is not liable for any injuries sustained on the property. *McClure v. Equitable Real Estate &c.*, 195 Ga. App. 54, 55 (392 SE2d 272) (1990); *Towles v. Cox*, 181 Ga. App. 194, 195 (1) (351 SE2d 718) (1986). OCGA § 51-2-5 provides six exceptions to this general rule. The Engleharts contend that three of these exceptions apply to the instant case.

(a) The Engleharts claim that OKI is liable for the alleged negligence of Weeks because OKI retained the right to direct or control the manner of executing the work. OCGA § 51-2-5 (5). This claim is without merit. The contract between OKI and Weeks gives complete control of the construction site to Weeks. Among other things, the contract provides, "The Contractor [Weeks] shall be responsible for furnishing the design and for the construction of the Project. . . . The Contractor will provide all construction supervision, inspection, labor, materials, tools, construction equipment and subcontracted

items necessary for the execution and completion of the Project."

The contract also makes Weeks solely responsible for the safety of its employees; Weeks was the statutory employer of subcontractor employee Thomas Englehart. OCGA § 34-9-8. "The Contractor shall take necessary precautions for the safety of its employees on the Work, and shall comply with all applicable provisions of federal, state and municipal safety laws to prevent accidents or injury to persons on, about or adjacent to the Project site. . . . The Owner [OKI] shall have no contractual obligation to the Contractor's subcontractors and shall communicate with such Subcontractors only through the Contractor."

OKI did retain the right to ensure that Weeks' work conformed to the contract drawings and specifications. The retention of such a right, however, does not prove that OKI exercised control over the manner in which Weeks did the work. "(I)t is not enough that [the owner] has merely a general right to order the work stopped or resumed, to inspect its progress or to receive reports, to make suggestions or recommendations which need not necessarily be followed, or to prescribe alterations and deviations. Such a general right does not mean that the contractor is controlled as to his methods of work. There must be such a retention of a right of supervision that the contractor is not entirely free to do the work in his own way." (Citations and punctuation omitted.) *Toys 'R' Us v. Atlanta Economic Dev. Corp.*, 195 Ga. App. 195, 196 (1) (A) (393 SE2d 44) (1990). OKI did not retain such a right of supervision that Weeks was not entirely free to do the work in its own way. Rather, OKI surrendered the premises to Weeks, OKI did not interfere with Weeks' status as an independent contractor, Weeks had the duty of providing for the safety of its workers and OKI had no such duty. *King v. Midas Realty Corp.*, 204 Ga. App. 590 (420 SE2d 62) (1992); *Bryant v. Village Centers*, 167 Ga. App. 220 (305 SE2d 907) (1983). Under these circumstances, the trial court did not err in granting summary judgment to OKI. *Modlin v. Swift Textiles*, 180 Ga. App. 726 (350 SE2d 273) (1986).

(b) The Engleharts argue that OKI ratified the alleged negligence of Weeks when OKI employee Spinks placed the plywood pieces back over the HVAC openings after taking measurements. OCGA § 51-2-5 (6). "Ratification of the wrongful act may result from acceptance of the work on the theory that acceptance shifts the responsibility for maintaining the work in its defective condition to the employer. The ratification must be, not of the contract, but of the unauthorized wrong. Ordinarily, in order to ratify an act, one must have knowledge of the act." (Citations and punctuation omitted.) *Wilmock, Inc. v. French*, 185 Ga. App. 259, 261 (1) (363 SE2d 789) (1987). Here OKI did not accept the fact that Weeks had covered the HVAC openings with plywood simply because Spinks observed the plywood. Spinks,

who stated at his deposition that he has no OSHA construction site training, was not responsible for checking on the safety of the work site maintained by Weeks; rather, he was there simply to ensure that Weeks conformed to the contract drawings and specifications. Although Spinks had not previously seen plywood used to cover HVAC openings as a safety procedure at other construction sites, he testified that he does not know whether it is an acceptable safety procedure. It is undisputed that Spinks never told anyone at OKI that Weeks was using the plywood to cover the holes. Under these circumstances, OKI did not ratify Weeks' use of the plywood. *Toys 'R' Us v. Atlanta Economic Dev. Corp.*, supra at 197 (1) (A).

(c) The Engleharts contend that OKI is liable for the alleged negligence of Weeks because OKI has a nondelegable duty, imposed by OCGA § 34-2-10 (b), to maintain a safe workplace. OCGA § 51-2-5 (4). This contention is wholly without merit as it is the longstanding rule in Georgia that a property owner can delegate the responsibility of maintaining a safe workplace by relinquishing possession and control of the property to an independent contractor. See, e.g., *King v. Midas Realty Corp.*, supra; *Towles v. Cox*, supra; *Bryant v. Village Centers*, supra; *Horton v. Ammons*, 125 Ga. App. 69 (186 SE2d 469) (1971). The trial court did not err in granting summary judgment to OKI on the Engleharts' claims that OKI is vicariously liable for the alleged negligence of Weeks.

2. The Engleharts contend that even if OKI is not vicariously liable for the acts of Weeks, there still exist genuine issues of material fact as to whether OKI itself committed affirmative acts of negligence. This contention is without merit because there is no evidence in the record that OKI breached any duty it may have owed to Thomas Englehart. Nonetheless, even if we hold OKI to the highest standard of care owed by a landowner, that owed to an invitee, OKI is still entitled to summary judgment.

"A person cannot undertake to do what obviously is a dangerous thing, even if he is directed by another, without assuming the risks incident thereto and without himself being guilty of such lack of due care for his own safety as to bar him from recovery. An invitee is under an equal duty with the owner to use his or her sight to discover any defect or dangers." (Citations and punctuation omitted.) *Meriwether Mem. Hosp. Auth. v. Gresham*, 202 Ga. App. 535, 536 (1) (414 SE2d 694) (1992). Englehart should have known of the existence of the HVAC opening through which he fell; he would have seen it if he had exercised ordinary care by simply watching his step. He is an experienced construction site worker who undertook to do what is obviously a dangerous thing, lifting a piece of plywood from the second floor of a building under construction and then stepping into the area it had covered without looking, thereby assuming the risks incident to

his own actions.

"Assumption of risk in its simplest and primary sense means that the plaintiff has given [his] express consent to relieve the defendant of an obligation of conduct toward [him] and to take [his] chance of injury from a known risk. The result is that the defendant is simply under no legal duty to protect the plaintiff. [Cits.]" *Hackel v. Bartell*, 207 Ga. App. 563 (1) (428 SE2d 584) (1993). Englehart had the opportunity to measure the risks, if any, and was under no compulsion to lift the plywood from the floor and step into the area it had covered without first checking that area. "Every adult is presumed to be endowed with normal faculties, both mental and physical. No person should conduct [himself] in an irresponsible manner when even ordinary prudence would protect [him] from the likelihood of possible injury. At some point the danger and likelihood of injury becomes so obvious that actual knowledge by the plaintiff is unnecessary." (Citations and punctuation omitted.) *Hackel v. Bartell*, supra at 564 (1).

The intervening negligence of Englehart was the sole proximate cause of his own injury and therefore OKI has a valid defense to the Engleharts' claims as a matter of law. *Black v. Ga. Southern &c. R. Co.*, 202 Ga. App. 805 (415 SE2d 705) (1992). Because this is a case of plain, palpable and indisputable evidence that Englehart is guilty of such a lack of due care for his own safety as to bar him from recovery, the trial court properly granted summary judgment to OKI. See generally *Hackel v. Bartell*, supra at 564 (1); *Jones v. Central of Ga. R. Co.*, 192 Ga. App. 806, 807 (386 SE2d 386) (1989).

*Judgment affirmed. Blackburn and Smith, JJ., concur.*

DECIDED JUNE 11, 1993 —
RECONSIDERATION DENIED JUNE 24, 1993 —

*Phillips, Hinchey & Reid, George C. Reid, Gregory K. Morgan*, for appellants.

*Drew, Eckl & Farnham, James M. Poe, Mari L. Myer*, for appellee.

