appellee.

A95A1824. KRAFT GENERAL FOODS, INC. et al. v. MAXWELL et al.
(464 SE2d 639)

JOHNSON, Judge.

Clarence Maxwell sued Kraft General Foods, Inc., FLI Distribution Associates, L.P., and Phillip Morris, Inc., for injuries sustained in a work-related accident. His wife, Yvonna Maxwell, seeks damages for loss of consortium. Kraft, FLI, and Phillip Morris moved for but were denied summary judgment. We granted their application for interlocutory appeal, and this appeal follows.

FLI entered into a construction contract with the Haskell Company, as general contractor, to renovate a building owned by FLI. Haskell hired Purcell-Brantley Construction to provide "all labor, material equipment and supervision to supply and install a . . . roofing system at the new building addition, and to remove the entire roof of the existing warehouse and office and replace it with a mechanically attached . . . roofing system." Purcell-Brantley contracted with Labor Finders to provide laborers to help remove the old roof. Clarence Maxwell was one of the laborers so employed. During a lunch break, Maxwell's co-workers found him injured on the building's floor beneath a broken skylight.

1. Kraft, FLI, and Phillip Morris contend the trial court erred in denying their motion for summary judgment.

(a) FLI claims it is not liable because full possession and control of the property had been relinquished to Haskell. Maxwell, however, claims that summary judgment was properly denied because FLI did not completely surrender the premises to Haskell, and FLI retained the right to direct or control the manner of executing the work. We agree with FLI.

"Generally, a property owner who has surrendered full possession and control of the property to an independent contractor is not liable for any injuries sustained on the property." (Citations omitted.) *Englehart v. OKI America*, 209 Ga. App. 151 (1) (433 SE2d 331) (1993). However, an employer is liable for the contractor's negligence if he "retains the right to direct or control the time and manner of executing the work or interferes and assumes control so as to create the relation of master and servant or so that an injury results which is traceable to his interference." OCGA § 51-2-5 (5).

The contract between FLI and Haskell specifically provided that Haskell was not the agent of FLI and that Haskell had "the sole and entire responsibility for all . . . construction methods, . . . and for

supervising, directing, coordinating, phasing, and scheduling the work." It also provided that Haskell was responsible for commencing and carrying out all safety programs and measures concerning the work and for compliance with all safety laws. The contract gave FLI the right to ensure that Haskell's work conformed to the contract drawings and specifications and the general right to order the work stopped or resumed, inspect its progress, or prescribe alterations and deviations. It also allowed FLI to dismiss any person who was unfit or unskilled and restricted Haskell's right to terminate the job-site supervisor without FLI's consent. Maxwell argues that pursuant to OCGA § 51-2-5 (5), FLI is liable because it retained the right to direct or control the manner of the work. The contract provisions did not give FLI control over Haskell's and Haskell's subcontractor's work.

"It is not enough that the owner has merely a general right to order the work stopped or resumed, to inspect its progress or to receive reports, to make suggestions or recommendations which need not necessarily be followed, or to prescribe alterations and deviations. Such a general right does not mean that the contractor is controlled as to his methods of work. There must be such a retention of a right of supervision that the contractor is not entirely free to do the work in his own way." (Citations and punctuation omitted.) *Englehart*, supra at 152 (1) (a). "It is well recognized that merely taking steps to see that the contractor carries out his agreement, by supervision of the intermediate results obtained, or reserving the right of dismissal on grounds of incompetence, is not such interference and assumption of control as will render the employer liable." (Citations and punctuation omitted.) *Slater v. Canal Wood Corp. &c.*, 178 Ga. App. 877, 881 (1) (345 SE2d 71) (1986). The rights retained by FLI, including its right to have access to the work, did not amount to control over the manner in which Haskell did the work. See *Englehart*, supra. There being no genuine issue of material fact regarding control of the premises, the trial court erred in denying FLI's motion for summary judgment.

(b) Summary judgment also should have been granted to Kraft. Kraft had entered into a lease agreement with FLI to occupy the building and was an express third-party beneficiary of the contract between FLI and Haskell. Kraft did not, however, participate in the renovation and at the time of the accident had not yet occupied the building. Liability for injuries occurring upon one's premises is governed by possession and control of the premises. *Ga. Bldg. Svcs. v. Perry*, 193 Ga. App. 288, 295 (4) (a) (387 SE2d 898) (1989). As Kraft had neither possession nor control of the building, the trial court erred in denying summary judgment to Kraft.

(c) Phillip Morris's lack of liability is even more obvious. Phillip Morris did not own the building, lease the building, or contract for

any work on the building. Therefore, Phillip Morris had no duty toward Maxwell, and thus, no breach could occur. See OCGA §§ 51-1-1 and 51-1-6. Accordingly, the trial court erred in denying summary judgment to Phillip Morris.

2. Kraft, FLI, and Phillip Morris contend the trial court erred in granting the Maxwells' motion to add Haskell as a party defendant. However, appellants do not allege and we cannot see how they are harmed by the court's inclusion of another defendant. In our view, only Haskell is aggrieved by its inclusion; yet, Haskell has not appealed the ruling. Because appellants are not aggrieved by the trial court's ruling, they are without legal right to except thereto. See generally *Norman v. Nationwide Credit*, 202 Ga. App. 732 (415 SE2d 293) (1992); *Davidson v. State Farm &c. Ins. Co.*, 161 Ga. App. 21, 22 (1) (288 SE2d 832) (1982).

*Judgment affirmed in part and reversed in part. Birdsong, P. J., and Smith, J., concur.*

DECIDED NOVEMBER 29, 1995.

*Long, Weinberg, Ansley & Wheeler, J. Kenneth Moorman, Ronald R. Coleman, Jr.*, for appellants.

*Falanga, Barrow & Chalker, Robert A. Falanga, Jesse E. Barrow III, Sherwinter & McElroy, Emily Sherwinter*, for appellees.