A00A0440. HESS v. TEXTRON AUTOMOTIVE EXTERIORS, INC.
(536 SE2d 291)

BARNES, Judge.

Brian Robert Hess appeals the grant of summary judgment to Textron Automotive Exteriors, Inc. ("Textron"). He contends the trial court erred by granting summary judgment because questions of fact exist on whether Textron had relinquished possession and control of its premises to an independent contractor.

Hess was injured after he fell through a skylight while working for an independent contractor on the roof of one of Textron's buildings. Hess contends he was on the roof to install wire mesh guards over openings in the roof for air vents. He had completed his work on one of the guards when he stepped to the side and fell through one of the skylights to the top of an interior shed 35 to 40 feet below. The roof was constructed of corrugated sheet metal. Over 300 skylights were in the roof, and the skylights were made from corrugated fiberglass that was the same color as the roof. Consequently, it was diffi-

---

[10] *Durden v. State,* 250 Ga. 325, 329-330 (6) (297 SE2d 237) (1982).

cult, if not impossible, to see the skylights while on the roof because they blended into the rest of the roof. Hess's doctor testified that Hess suffered severe, permanent injuries to his leg and back. At least two other people fell through the skylights in the years before Hess's fall, and Textron's policy was to require anyone going on the roof to sign a paper warning them about the skylights.

After Hess filed suit, Textron answered and moved for summary judgment, contending that it was not liable to Hess because it had surrendered possession and control of the property to Hess's employer, the independent contractor Corrosion Control Solutions, Inc. ("Control Solutions"). Finding that Textron had surrendered the premises to Control Solutions and that the contract between Textron and Control Solutions placed responsibility for workplace safety on Control Solutions, the trial court granted summary judgment to Textron. Hess now appeals, alleging that the record does not support the trial court's decision. We agree.

1. The standards applicable to motions for summary judgment are announced in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). When ruling on a motion for summary judgment, the opposing party must be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions therefrom most favorably toward the party opposing the motion. *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 595-596 (370 SE2d 843) (1988). When reviewing the grant or denial of a motion for summary judgment, this court conducts a de novo review of the law and the evidence. *Desai v. Silver Dollar City*, 229 Ga. App. 160, 163 (1) (493 SE2d 540) (1997).

2. In this state, when

an owner or occupier of land, by express or implicit invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe.

OCGA § 51-3-1. Nevertheless, a property owner who surrenders possession and control of the property to an independent contractor is not liable for injuries sustained on the property. *Englehart v. OKI America*, 209 Ga. App. 151 (1) (433 SE2d 331) (1993). This rule also applies when an owner surrenders possession and control of a portion of the property to an independent contractor. *Towles v. Cox*, 181 Ga. App. 194, 195 (1) (351 SE2d 718) (1986). Thus, if Textron actually surrendered possession and control of the roof to Control Solutions, it would have owed no duty to Hess and would not be liable for his injuries. *McClure v. Equitable &c. Mgmt.*, 195 Ga. App. 54, 55 (392 SE2d

272) (1990). In these cases, liability depends upon possession and control of the premises (*Kraft Gen. Foods v. Maxwell*, 219 Ga. App. 211, 212 (1) (a) (464 SE2d 639) (1995)), and possession means having personal charge of or exercising the rights of management or control over the property in question. *Towles v. Cox*, supra, 181 Ga. App. at 196 (1).

Textron supports its contention that it surrendered control of the premises to Control Solutions with a reference to 50 pages of the record. Indeed, this same reference is used to support most of Textron's factual arguments. Although the points Textron seeks to support may be included somewhere within these 50 pages of record, we have not found them. Instead, we find the record supports the opposite conclusion.

Even though most of Textron's employees appear to have been absent on the day Hess was injured, Textron's maintenance crews were on the premises and working on that day. Further, rather than surrendering possession of the premises, the record shows that Textron continued to control the premises by limiting access to the roof from which Hess fell. According to Textron's manager of maintenance, no one was allowed on the roof unless they were escorted by a Textron employee and signed off through Textron's procedures.

No written contract existed that described the area in which Control Solutions was to perform its work. Instead, it received oral instructions on the work to be performed; a Textron representative accompanied Control Solutions' president to the work area and told him what needed to be done. As far as Textron's manager of maintenance was aware, no one told Control Solutions to work on the roof. Under this evidence, we cannot say, as a matter of law, that Textron surrendered control and possession of the premises to Control Solutions. Because a defendant moving for summary judgment based on an affirmative defense may not rely upon an absence of evidence in the record disproving the affirmative defense, Textron had the burden of proving this defense. *Hodge v. SADA Enterprises*, 217 Ga. App. 688, 691 (2) (458 SE2d 876) (1995). Based on the record before us and giving Hess the benefit of all reasonable doubts and construing the evidence and all inferences and conclusions therefrom in his favor (*Moore v. Goldome Credit Corp.*, supra, 187 Ga. App. at 595-596), we cannot say that Textron met this burden. Accordingly, the grant of summary judgment to Textron must be reversed.

*Judgment reversed. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED JUNE 26, 2000 —
RECONSIDERATION DENIED JULY 21, 2000

*Burge & Wettermark, Van K. McCombs II*, for appellant.

*Ellis, Easterlin, Peagler, Gatewood & Skipper, George M. Peagler, Jr.*, for appellee.