### A00A1000. GREY et al. v. MILLIKEN & COMPANY.
(539 SE2d 186)

ANDREWS, Presiding Judge.

Donovan Grey appeals from the grant of summary judgment to Milliken & Company on his claim for failure to provide a safe workplace[1] after he was injured while working at a construction site owned by Milliken. Milliken contended it was entitled to summary judgment on Grey's claim because it had relinquished control of the property to the independent contractor, Fluor Daniel, during the period of construction and, therefore, it was Fluor Daniel's responsibility to provide Grey with a safe working environment.[2] We agree and affirm.

This case arose when another Fluor Daniel employee hit a bull pin with a hammer in an effort to dislodge it. The bull pin fell some 60 feet and struck Grey, who was installing conduit below.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). To obtain summary judgment, a defendant need not produce any evidence, but must only point to an absence of evidence supporting at least one essential element of the plaintiff's claim. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Our review of a grant of summary judgment is de novo, and we view the evidence and all reasonable inferences drawn from it in the light most favorable to the nonmovant. *Supchak v. Pruitt*, 232 Ga. App. 680, 682 (503 SE2d 581) (1998).

"Generally, a property owner who has surrendered full possession and control of the property to an independent contractor is not liable for any injuries sustained on the property." *Englehart v. OKI America*, 209 Ga. App. 151 (1) (433 SE2d 331) (1993). An employer is, however, liable for the negligence of a contractor if the employer retains the right to direct or control the time and manner of executing the work or interferes and assumes control so as to create a relation of master and servant or so that an injury results which is traceable to his interference. OCGA § 51-2-5 (5).

---

[1] Grey's wife also sued for loss of consortium.

[2] Traveler's Insurance Company, Fluor Daniel's workers' compensation carrier, filed a Motion to Intervene, which was granted. Traveler's did not, however, file a response to Milliken's motion for summary judgment.

The test is whether the owner retained such a right of supervision that the contractor is not entirely free to do the work in his own way. *Englehart,* supra at 152.

In this case, the evidence consisted solely of the affidavit of James Whitten, the vice president of operations at Fluor Daniel, and the deposition of Bernard Bledsoe, the project manager for Milliken. The testimony of both witnesses was that Fluor Daniel was in possession and control of the premises at the construction site, that no Milliken personnel were used in the construction, and that Fluor Daniel supplied all the labor and materials and was responsible for requiring each construction subcontractor to have an appropriate safety program.

1. Grey argues that because there was no written contract, Milliken could not relinquish control to Fluor Daniel. This is a mischaracterization of the evidence. When asked whether there were any documents which reflected the agreement between Fluor Daniel and Milliken regarding construction, Bledsoe replied that this was not his area and he had no knowledge of that issue. Whitten, however, stated in his affidavit that "[a] letter of intent with a referenced contract document between Milliken & Company and Fluor Daniel was exchanged and signed by both parties."

In any event, Grey cites to no authority for this proposition, and we find none. Indeed, case law is to the contrary. Whether the agreement between the owner and contractor is oral or in writing is immaterial. See *Braswell v. Walton,* 208 Ga. App. 610, 611 (431 SE2d 417) (1993).

2. Grey also argues that during the construction process there were teams of people working in various areas at the plant and these teams consisted of some Milliken employees and some Fluor Daniel engineers. But, the evidence was that the Milliken employees were present not to direct the work, but rather to plan what work needed to be done. In addition, Bledsoe testified that even though there were Milliken employees on site, Fluor Daniel had sole responsibility and control over the site, had their own safety plan, and everyone on the site, including Milliken associates or guests, had to conform to Fluor Daniel's safety plan.

3. Grey also contends that Milliken did not relinquish complete control of the premises because it was to receive a report of all job site injuries, Bledsoe ensured security by daily inspections, and Bledsoe had authority to require Fluor Daniel to correct any security issue problems. We find no authority in the record for Grey's contention that "Bledsoe had the authority to correct any security issue on the premises by requiring Fluor Daniel to correct the perceived problem." In any event, the right to inspect, the right to receive reports, and the right to prescribe alterations do not show that the owner

retained control of the workplace. *Kraft Gen. Foods v. Maxwell*, 219 Ga. App. 211, 212 (464 SE2d 639) (1995).

4. Likewise, that Milliken employees staffed the guardhouse and controlled access to the site is immaterial. Grey does not contend and there is no evidence that the guardhouse or perimeter fence was part of the workplace.

5. Grey's contention that if a Milliken employee saw an unsafe condition, that employee was responsible for bringing it to someone's attention is misleading. The record shows that Bledsoe stated that a Milliken employee had that responsibility "because safety is everybody's activity."

6. Contrary to Grey's argument, Bledsoe did not state that he was the safety liaison between Milliken and Fluor Daniel. He denied that there was any Milliken employee responsible for overseeing safety procedure. Bledsoe stated that he was assigned to the site to make sure that security and environmental concerns were met. Bledsoe did say that if a Milliken employee were to see a safety violation, that employee would probably tell Bledsoe because he was assigned to the site. Bledsoe said if that were to happen he would inform Fluor Daniel's safety people.

In light of the evidence above, we conclude that Milliken surrendered the premises to Fluor Daniel and Fluor Daniel alone was responsible for the manner in which the work was carried out. The rights retained by Milliken did not amount to control over the manner in which Fluor Daniel did the work, such that Milliken and not Fluor Daniel was responsible for providing a safe workplace. See *Kraft*, supra at 212; *Bryant v. Village Centers*, 167 Ga. App. 220, 222 (305 SE2d 907) (1983). Accordingly, there was no issue of material fact as to control of the premises, and the trial court correctly granted Milliken's motion for summary judgment.

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED SEPTEMBER 7, 2000.

*Cummins & Kneidel, Timothy W. Kneidel, Donald J. Sharp*, for appellants.

*Lewis, Taylor, Todd & Dixon, John M. Taylor, Alex L. Dixon*, for appellee.