A04A0179. NEIMAN-MARCUS GROUP, INC. v. DUFOUR.
(601 SE2d 375)

JOHNSON, Presiding Judge.

The issue in this appeal is whether a department store owner which had hired an independent contractor to renovate its property can be held liable for an injury suffered by a subcontractor installing carpet in the store. Given the particular facts in this case, we hold that the owner cannot be held liable because it did not cause the injury and it is not responsible for the acts of an independent contractor.

In October 1999, Neiman-Marcus Group, Inc., contracted with Commercial Store Fixture & Construction Corporation, to renovate several areas of its store at Lenox Square Mall in Atlanta. Commercial Store Fixture then subcontracted with Contract Specialists, Inc., which is solely owned by Sidney Dufour, to install carpet in the store. Pursuant to the agreements, Contract Specialists carpeted the lower level of the store and some areas of the third floor without incident.

On the morning of September 26, 2000, Dufour and three of his Contract Specialists employees arrived at the store to continue work on the third floor. Some of the rolls of carpet were so large, weighing as much as 1,000 pounds, that they would not fit on the freight elevator and had to be moved to the third floor on an escalator. Dufour and his employees would place each carpet roll on a dolly — two dollies for some rolls — and then move the load onto the escalator. Two of the men would stand at the front of each carpet roll and the other two would stand at the back of each roll. Once the men and carpet roll were in position, Richard Bickford, a Commercial Store supervisor, used a key to turn on the escalator.

The men successfully moved eight rolls of carpet up the escalator and to the third floor in this fashion. But as they moved the ninth roll, the two dollies underneath it flipped and the carpet became stuck at the top of the escalator steps. The escalator continued to carry Dufour and his employee Perry Hall toward the stuck carpet. Hall fell down and was carried underneath the carpet roll. Dufour used his left leg to lift the carpet roll off of Hall. While lifting the carpet, Dufour's leg broke.

Dufour sued Neiman-Marcus, Commercial Store and Bickford, alleging that Bickford had negligently left his position near the escalator's on/off switch and had failed to respond to calls to shut off

the escalator when the carpet got stuck. Dufour further alleged that Bickford's negligence could be imputed to both Neiman-Marcus and Commercial Store. Dufour subsequently dismissed Bickford as a defendant, but his claims against Neiman-Marcus and Commercial Store proceeded to a jury trial.

At the close of Dufour's evidence, Neiman-Marcus and Commercial Store moved for a directed verdict, but the trial court denied the motions. Neiman-Marcus and Commercial Store then put on their defense evidence, after which they renewed their motions for a directed verdict. Once again, the trial court denied the motions. The jury subsequently returned its verdict in favor of Dufour, finding Commercial Store liable for $382,720 and Neiman-Marcus liable for $316,160.

Neiman-Marcus and Commercial Store moved for a new trial and judgment notwithstanding the verdict, but the court denied the motions. Neiman-Marcus and Commercial Store jointly appealed from the final judgment. Commercial Store was later struck from the notice of appeal, leaving Neiman-Marcus as the sole appellant.

Neiman-Marcus contends that the trial court erred in denying its motions for a directed verdict and j.n.o.v. because it did not cause Dufour's injury and it cannot be held liable for the acts of an independent contractor. In reviewing the denial of both a motion for a directed verdict and a motion for j.n.o.v., this court must construe the evidence in the light most favorable to the prevailing party and must determine whether there is any evidence to support the jury's verdict.[1] Having so construed the evidence, we agree with Neiman-Marcus that there is no evidence that it caused the injury or that it is responsible for the acts of its independent contractors.

1. Generally, an employer is not responsible for torts committed by an employee who exercises an independent business that is not subject to the immediate direction and control of the employer.[2] But an employer is liable for an independent contractor's negligence if the employer retains the right to control the time and manner of the work, or if the employer interferes and assumes control so that a master and servant relationship is created or so that a resulting injury is traceable to such interference.[3]

In the instant case, Neiman-Marcus did not control the time and manner of the work of either its independent contractor, Commercial Store, or the subcontractor, Contract Specialists. The contract between Neiman-Marcus and Commercial Store expressly states that

---

[1] *Ga. Power Co. v. Irvin*, 267 Ga. 760, 762 (1) (482 SE2d 362) (1997).

[2] OCGA § 51-2-4.

[3] OCGA § 51-2-5 (5).

Commercial Store shall have sole control over the time and manner of the renovation work. It provides:

> The Contractor shall supervise and direct the Work, using the Contractor's best skill and attention. The Contractor shall be solely responsible for and have control over construction means, methods, techniques, sequences and procedures and for coordinating all portions of the Work under the Contract, unless Contract Documents give other specific instruction concerning these matters.

Likewise, the contract between Commercial Store and Contract Specialists mandates that as a subcontractor, Contract Specialists will control its own work. That contract provides: "The Subcontractor shall supervise and direct the Subcontractor's Work, and shall cooperate with the Contractor in scheduling and performing the Subcontractor's Work to avoid conflict, delay in or interference with the Work of the Contractor, other subcontractors or Owner's own forces."

Furthermore, at trial, Dufour testified that the way the carpet is laid is entirely up to him and that he controlled the moving of the carpet rolls, and determining the tools and number of workmen needed for the job. He testified: "Anytime that me or my company has ever been involved with this type of delivery I've made sure that I was on the project and make sure I was in charge and control of what took place. It is very high risk."

Because Neiman-Marcus did not control the work of either Commercial Store or Contract Specialists, the central premise of Dufour's complaint — that the alleged negligence of Commercial Store employee Bickford can be imputed to Neiman-Marcus — is not supported by any evidence. On the contrary, the evidence establishes that Neiman-Marcus did not control the renovation work and thus it cannot be held responsible for any such negligence by the independent contractor.

2. Moreover, Dufour's additional claims on appeal that Neiman-Marcus itself committed negligent acts causing his injuries are wholly without merit. Dufour claims in his brief that Neiman-Marcus was negligent in failing to supervise the work as required by the contracts and in forcing Bickford to leave the escalator area at the time the injury occurred. Neither claim is supported by any evidence.

First, Dufour supports his contention that Neiman-Marcus was obligated to supervise the work by citing a Neiman-Marcus policy incorporated into the contracts which provides: "Work carried on after store hours will be carefully supervised by Loss Prevention personnel. Any work or trade shall have a Supervisor present at all times. Workmen shall confine activities to the work areas only."

Contrary to Dufour's contention, this policy is obviously intended to protect store merchandise from theft or damage, not to give Neiman-Marcus control over the time and manner of the independent contractors' work. As noted above, the contracts in question expressly gave sole control over the work to the independent contractors themselves, not to Neiman-Marcus. Accordingly, Dufour's contention that his injury was caused by Neiman-Marcus' breach of its duty to supervise the work is without merit.

Second, there is no evidence that Neiman-Marcus forced Bickford to leave the escalator area at the time of the incident. Instead, Bickford testified that he was told by a Neiman-Marcus sales associate that another subcontractor was at the mall gate and could not get into the store, so Bickford then left the escalator to help that subcontractor get into the store. Thus, Bickford was not ordered by Neiman-Marcus to leave the escalator but made that decision on his own. Moreover, as already discussed, Neiman-Marcus did not even have the authority to order Commercial Store supervisor Bickford to leave the area since it had ceded control of the renovation work to Commercial Store.

Because there is no evidence that Neiman-Marcus committed negligent acts that caused Dufour's injury[4] or that it controlled the work of the independent contractors,[5] it cannot be held liable for the injury. The trial court therefore erred in denying Neiman-Marcus' motions for a directed verdict and j.n.o.v.

*Judgment reversed. Smith, C. J., and Phipps, J., concur.*

DECIDED JUNE 10, 2004 —
RECONSIDERATION DENIED JUNE 25, 2004 — 

*Lokey & Smith, Malcolm Smith, Kevin A. Doyle,* for appellant.
*Chambers, Aholt & Rickard, Clyde E. Rickard III, Schenck & Associates, Hollis C. Cobb, Robert B. Lipman,* for appellee.

---

[4] See *Wabash Metal Products v. AT Plastics Corp.*, 258 Ga. App. 884, 888-889 (2) (575 SE2d 683) (2002).
[5] See *Englehart v. OKI America*, 209 Ga. App. 151-153 (1) (433 SE2d 331) (1993).