A10A1607. RAMCKE et al. v. GEORGIA POWER COMPANY et al.
(703 SE2d 13)

ANDREWS, Presiding Judge.

Robert A. Podorsky died as a result of injuries he suffered when he was struck by construction machinery while working as an invitee of a contractor hired by Georgia Power Company to perform work on a construction project at Plant Bowen, a Georgia Power-owned facility. Edna Ramcke, individually and as administratrix of Podorsky's estate, sued Georgia Power, Southern Company Services, Inc., and The Southern Company alleging that they were liable for Podorsky's wrongful death, pain and suffering, and other damages because, as owners or occupiers of the Plant Bowen premises, they negligently failed to comply with a duty imposed by OCGA § 51-3-1 to keep the project premises safe for invitees. The claims proceeded to a jury trial at which the trial court granted a directed verdict in favor of all three defendants. Ramcke appeals, and for the following reasons, we affirm.

"[A] directed verdict is appropriate only if there is no conflict in the evidence as to any material issue and the evidence introduced, construed most favorably to the party opposing the motion, demands a particular verdict." *St. Paul Mercury Ins. Co. v. Meeks*, 270 Ga. 136, 137 (508 SE2d 646) (1998); OCGA § 9-11-50 (a). It follows that, where there is no evidence to support an essential element of the nonmovant's claim, no factual issue exists for the jury and a directed verdict is appropriate. *Parsells v. Orkin Exterminating Co.*, 178 Ga. App. 51, 52 (342 SE2d 13) (1986). Construing the evidence presented in favor of Ramcke's claims, all three defendants were entitled to a directed verdict because the evidence showed that an independent contractor with control of the project premises had the duty to keep

the premises safe for its invitees, and the defendants had no such duty.

Georgia Power, a subsidiary of The Southern Company, owned the Plant Bowen premises and entered into a contract stating that Brad Cole Construction Company was hired as an independent contractor to perform grading and site preparation services on a project located on a portion of the plant. Southern Company Services, another subsidiary of The Southern Company, engineered and designed the project, drafted the contract between Georgia Power and Brad Cole, and was responsible for ensuring that Brad Cole performed in accordance with the contract. Brad Cole subcontracted for Contour Engineering to perform soil density testing on the project, and Podorsky was working for Contour as a geologist performing a soil density test on the project premises when he was struck by a Brad Cole soil compacting machine operated by a Brad Cole employee.

Although Georgia Power owned the project premises and entered into the contract hiring Brad Cole to perform the work on the project, Ramcke's premises liability claim alleged that Southern Company Services and The Southern Company also occupied the project premises because all the defendants acted together in a joint venture, or as alter egos or agents of one another, to enforce the contract and to direct and control the work on the project. Thus, Ramcke claimed that all three defendants were liable under OCGA § 51-3-1 to keep the project premises safe because they owned or occupied the project premises and directed and controlled the work. She also claimed that all three defendants were third-party tortfeasors which, unlike Brad Cole and Contour, were not employers liable for compensation benefits to the injured employee, and were therefore not entitled to immunity from suit under the Workers' Compensation Act (OCGA § 34-9-1 et seq.).

1. Ramcke claims the trial court erred by ruling that Southern Company Services was entitled to a directed verdict in its favor on the basis that it was a statutory employer under OCGA § 34-9-8, and was therefore entitled to workers' compensation immunity from suit under OCGA § 34-9-11.

Although the trial court found no workers' compensation immunity in favor of Georgia Power, the court reasoned that, because evidence showed Southern Company Services administered the contract on behalf of Georgia Power to ensure that Brad Cole complied with the contract specifications, Southern Company Services became the "defacto general contractor over the job," and a statutory employer entitled to workers' compensation immunity. We find no basis in the record for this ruling. Since Georgia Power undertook no contractual obligation to perform work on the project

for another, but merely hired Brad Cole to perform the project work, Georgia Power was not a statutory employer liable for compensation to the injured employee under OCGA § 34-9-8, and had no immunity from suit under OCGA § 34-9-11. *Yoho v. Ringier of America, Inc.*, 263 Ga. 338, 339-342 (434 SE2d 57) (1993); compare *Holton v. Ga. Power Co.*, 228 Ga. App. 135, 136-137 (491 SE2d 207) (1997). There was evidence to support the trial court's finding that Southern Company Services acted on behalf of Georgia Power on the project premises to ensure Brad Cole's compliance with the terms of the contract.[1] In so doing, Southern Company Services, like Georgia Power, undertook no contractual obligation to perform work on the project for another, so Southern Company Services was not a statutory employer under OCGA § 34-9-8 and had no immunity from suit on this basis under OCGA § 34-9-11. *Yoho*, 263 Ga. at 339-342.

2. We find no error in the trial court's ruling that The Southern Company was entitled to a directed verdict on the premises liability claim on the basis that there was no evidence that it owned or occupied the project premises, and because it was not liable for alleged negligent actions with respect to the premises taken by its corporate subsidiaries, Georgia Power and Southern Company Services.

The trial court correctly found there was no evidence that The Southern Company occupied the project premises or otherwise exercised control over work on the project. To ensure that work on the project did not pose a security risk to the Plant Bowen facility, the contract between Georgia Power and Brad Cole required Brad Cole employees given access to the facility to submit to criminal background checks pursuant to guidelines established by The Southern Company and subject to audit by The Southern Company. But there was no evidence that The Southern Company occupied the project premises pursuant to these contract provisions, or that these provisions otherwise gave The Southern Company the right to control the time or manner of the project work.

Because Georgia Power and Southern Company Services are corporate subsidiaries which maintain legal identities apart from their parent corporation, the general rule is that the parent corporation, The Southern Company, is not liable for their alleged negligence. *Enduracare Therapy Mgmt. v. Drake*, 298 Ga. App. 809, 812-815 (681 SE2d 168) (2009).

---

[1] The contract between Georgia Power and Brad Cole specifically provided that "Southern Company Services, Inc. may act as [Georgia Power's] agent for soliciting bids and for certain administrative matters under the Contract."

> Nevertheless, Georgia law recognizes that as a parent corporation, [The Southern Company] could be liable for any negligence on the part of [its corporate subsidiaries] under any one of three intertwined theories: (1) piercing the corporate veil; (2) apparent or ostensible agency; or (3) joint venture. *Kissun v. Humana, Inc.*, 267 Ga. 419, 420 (479 SE2d 751) (1997).

*Matson v. Noble Investment Group*, 288 Ga. App. 650, 658 (655 SE2d 275) (2007). Ramcke points to no evidence sufficient to pierce the corporate veil between The Southern Company and its subsidiaries, and to no evidence sufficient to show that The Southern Company participated in a joint venture with its subsidiaries or acted as their agent or alter ego.

3. Although there was evidence that Georgia Power and Southern Company Services (acting as Georgia Power's agent) owned the project premises or had employees or agents on the premises, the trial court did not err by directing a verdict in their favor.

Where a property owner or occupier surrenders temporary possession and control of the property to an independent contractor to perform work on the property, the owner/occupier is generally not liable under OCGA § 51-3-1 for injuries sustained on the property by the contractor's invitees due to unsafe working conditions on the premises which the owner/occupier had no right to control. *Grey v. Milliken & Co.*, 245 Ga. App. 804 (539 SE2d 186) (2000); *Englehart v. OKI America*, 209 Ga. App. 151 (433 SE2d 331) (1993), disapproved in part on other grounds, *Baker v. Harcon*, 303 Ga. App. 749, 755 (694 SE2d 673) (2010). Under these circumstances, the general rule is that the independent contractor has the duty to keep the work premises safe, and the owner/occupier has no such duty. *Braswell v. Walton*, 208 Ga. App. 610, 612 (431 SE2d 417) (1993); *United States v. Aretz*, 248 Ga. 19, 24-25 (280 SE2d 345) (1981). An exception to the general rule is recognized where the owner/occupier hires a contractor to perform work on the premises and "retains the right to direct or control the time and manner of executing the work or interferes and assumes control so as to create a relation of master and servant or so that an injury results which is traceable to [the owner/occupier's] interference. OCGA § 51-2-5 (5)." *Grey*, 245 Ga. App. at 804.

The contract by which Georgia Power hired Brad Cole to perform the project work stated that Brad Cole agreed to furnish all labor, materials, and supervision on the project in accordance with the project specifications; that Brad Cole worked as an independent contractor directing and controlling the project work; and that Georgia Power had no right to direct or control the project work. The

contract also provided that Southern Company Services may act as Georgia Power's agent in administrative matters under the contract. Although there was evidence that Georgia Power, acting through Southern Company Services, exercised the right to require that Brad Cole comply with the contract provisions, there is no evidence that any of these provisions gave these defendants the right to direct or control the time and manner of the work, or that any defendant assumed such control. The fact that the contract provided that Georgia Power could inspect the work to ensure compliance with contract terms, or even stop the work if it was not in compliance, did not amount to a right to control the time or manner of the work. *Englehart*, 209 Ga. App. at 152. Similarly, provisions in the contract allowing Georgia Power to modify work specifications in exchange for an equitable adjustment in the contract price provided a means to modify the work to be performed under the contract, but not a right to control the time or manner of the work done pursuant to the modification. A Brad Cole worksite foreman testified that he took no direction from Georgia Power or Southern Company Services as to how or when to do the work, and that it was Brad Cole's responsibility to hire qualified equipment operators and to ensure that Podorsky was protected from being hit by equipment when he was performing soil tests. Southern Company Services representatives at the project premises also testified that Brad Cole had complete control over the project premises; that they did not tell Brad Cole how or when to do the work, but were only concerned with seeing that the work was done according to the contract, including compliance with the work safety plan that the contract required Brad Cole to devise.

The record shows that Georgia Power and Southern Company Services surrendered possession and control of the project premises to Brad Cole to perform the work as an independent contractor; that none of the defendants interfered with Brad Cole's status as an independent contractor; and that Brad Cole had the duty to keep the project premises safe for its invitees, including Podorsky. On this record, there is no evidence that any defendant had a duty under OCGA § 51-3-1 to keep the project premises safe for Podorsky.[2]

4. Because none of the evidence that Ramcke claims was erroneously excluded from the trial was relevant to the issue of whether the defendants had a duty under OCGA § 51-3-1 to keep the project premises safe, these claims are moot.

---

[2] Although the trial court granted a directed verdict in favor of Southern Company Services for an incorrect reason (see Division 1, supra), we affirm under the right for any reason rule. See *City of Gainesville v. Dodd*, 275 Ga. 834 (573 SE2d 369) (2002).

*Judgment affirmed. Ellington and Doyle, JJ., concur.*

DECIDED OCTOBER 18, 2010 —
RECONSIDERATION DENIED NOVEMBER 10, 2010 — 

*Strain & Rutledge, John M. Strain, Genevieve L. Frazier*, for appellants.

*Brinson, Askew, Berry, Seigler, Richardson & Davis, Robert M. Brinson, Hawkins, Parnell, Thackston & Young, Warner S. Fox, Christopher S. Keith*, for appellees.